STATE, *ex rel.* REGISTER OF PUBLIC LANDS, *v.* AUDITOR OF PUBLIC ACCOUNTS.

33 287
41a 665

*Constitution.*—The joint resolution of the General Assembly, approved January, 1863, so far as it forbids payment to the register for the services rendered by him, under the act of March 15, 1861, is retrospective in its operations, and destructive of a vested right and therefore void. (See next case, State, *ex rel.* Register v. Auditor.)

## Petition for Mandamus.

[After the decision of the case of the State, *ex rel.* Register v. Secretary of State, the General Assembly passed a resolution forbidding the auditor to issue his warrant, and application was made to the court at an adjourned term at St. Louis to obtain mandamus.]

*Ryland & Son,* for petitioner.

It will at once be seen that the constitutionality of the joint resolution of the General Assembly is the main question in the controversy. We contend that the joint resolution is retrospective in its operation; that it was purposely and by design made to operate retrospectively, and therefore it is a nullity.

I. There is a preliminary question. This joint resolution lacks a constitutional prerequisite. To be a law, it must pursue the form and style which our State constitution has prescribed.

Is it a law? Then it should be in the style pointed out. Our constitution, art. III., § 36, declares that "The style of the laws of this State shall be, 'Be it enacted by the General Assembly of the State of Missouri.'" Article IV., § 11, declares "that every resolution to which the concurrence of the Senate and House of Representatives may be necessary, except on cases of adjournment, shall be presented to the Governor, and before the same shall take effect shall be proceeded upon in the same manner as in the case of a bill." Same article, § 10, prescribes how a bill shall become a law. The joint resolution in this case, relied upon by the auditor

State, *ex rel.* Register of Public Lands, v. Auditor of Public Accounts.

of public accounts, lacks this constitutional style, and this is a nullity. If this point be ruled for us, then a peremptory mandamus must issue in behalf of the petitioner.

II. This joint resolution is retrospective in its operation, was made so by design, and on purpose to deprive the petitioner of a vested right; consequently is in the teeth of the constitution, and utterly void. The bill of rights, embodied in our State constitution, § 17, of art. XIII., declares "that no *ex post facto* law, nor law impairing the obligation of contracts, or retrospective in its operation, can be passed."

The petitioner is required, as an officer of this State, to perform certain arduous duties. He has executed to the State his bond, with large penalty, for the faithful performance of his official duties. The General Assembly, by its enactment, states what he, as register of lands, shall do on a particular subject, and for the performance of his duty as pointed out and required by the said enactment, the State agrees to pay him a specific sum of money. But as no money can be drawn out of our treasury except by your warrant, Mr. Auditor, we resolve that you are not to give him your warrant; that we will not pay him; we break our faith with him.

It is contrary to the well defined principle of the common law, which asserts that "*Nova constitutio futuris formam debet imponere non præteritis.*" It is contrary to the maxim of the civil law, which declares that "*Nemo potest mutare consilium in alterius injuriam.* It is contrary to the current of our own decisions from our earliest judicial history to the present day—from the case of Bailey v. Gentry and wife, in 1822, to the case of Stevens v. Andrews, 1861.

In support of our second proposition that this resolution is retrospective in its operation and contrary to our fundamental law, we cite the following authorities: Dast v. Van Kleeck, 7 Johnson, 477; 6 Cowan, N. Y., 642; 9 Cowan, N. Y., 641; Danks v. Quackenbaugh, 1 Coms. 129; People v. Foot, 19 Johns. 58; McKown v. Devries, 3 Barb. 196; Picquett, appellant, 5 Pick. 65; 10 Mass. 437; 11 Mass. 396; 4

Harrington, 479; 6 Barr. 507; 1 Aik. 121; Woart v. Wimick, 3 N. H. 477; 2 Show. 17, t. p.; Couch v. Jeffries, 4 Bur. 2460; Williams v. Pritchard, 4 Durn. & East. 2; Smith's Com., pp. 289, 293, 531, 540; Bailey v. Gentry and wife, 1 Mo. 164; Bumgardner v. Howard (Cir. Ct.) 4 Mo. 50; 17 Mo. 529; 31 Mo. 205; 8 Mo. 142.

*Broadhead*, for respondent.

In regard to the first question raised, to wit, that the joint resolution in question has not the force of law, because it is not preceded by the style "Be it enacted by the General Assembly of the State of Missouri" prescribed by the constitution for all laws, it is submitted—

I. Our constitution provides "That the legislative power shall be vested in the General Assembly," § 1, art. 3. Any expression, therefore, of the Legislature, within the scope of its powers, is the law. Does it matter in what particular form that will is expressed?

The clause requiring all writs to run in the name of "The State of Missouri" is just as imperative, and yet our court has decided that it is merely directory. (See Davis v. Wood, 7 Mo. 162.) Our constitution, art. IV., § 11, evidently intends to give to a joint resolution the force and effect of a law, and if there is any distinction between a joint resolution and bill, I have not been able to find it, except that, generally speaking, a resolution is intended to reach a particular case and not a class of cases. The constitutions of some of the States, as New York and Wisconsin, provide that "No law shall be enacted except by bill." (See Sedg. on Stat. Law, p. 65.)

The clause in the constitution of New York which provides "that the question upon the final passage shall be taken immediately upon the last reading, and the yeas and nays entered in the journal," has been held to be merely directory. (4 Sel. 317.)

II. It is further submitted that the law, or joint resolution, in question is not retrospective; it merely suspends the op-

eration of the previous law. The General Assembly has the control of its own funds, because no money can be drawn from the treasury but in consequence of appropriations made by that department of the government, and in this respect it possesses no more power than an individual, who, although he may have agreed to pay money on a contract, may refuse to do it if he has been imposed upon or defrauded—doing this, however, at his own peril, to be determined by a suit in court, the only difference being that the State cannot be sued ; but this does not affect the principle.

The auditor, so far as the duties of his office are concerned, is the mere creature of the General Assembly. Sec. 6, art. VIII., of amendments to the constitution, " He shall perform such duties as may be required of him by law." These duties may, therefore, be changed at any time by act of the General Assembly.

This change may affect the remedy but not the right of the party having a claim against the State ; and it has always been held that a law changing the remedy and not the right is not retrospective in its operation.

BATES, Judge, delivered the opinion of the court.

The act of the General Assembly of March 15, 1861, imposed upon the register of lands certain duties, for the performance of which a certain compensation was provided, to be " paid out of the State treasury, upon the production to the auditor of public accounts of the certificate of the secretary of State that such service has been performed."

The performance of the service was not a voluntary act of the register, but was required of him by law.

We do not think it necessary in this case to determine whether the joint resolution pleaded by the auditor was passed in such conformity to the requirements of the constitution as to the style of acts, as to give it effect as a law.

Regarding it as formally passed, we yet think that it cannot lawfully have the effect designed.

When the register had performed the services required of

State, *ex rel.* Register of Public Lands, v. Auditor of Public Accounts.

him by the act of 1861, his right to the compensation provided by that act was perfect, and any obstruction of the means by which it was provided that he should be paid which effectually bars him from the receipt of that compensation, is equivalent to an absolute refusal to pay him, which is a denial of right and not a mere alteration of the form of remedy. The General Assembly has never directed in what manner and in what courts suits may be brought against the State, as required by the constitution; so that, if this resolution of the General Assembly should stop the payment to the register of his compensation provided by law, he is left utterly without remedy.

Had, then, the General Assembly power to pass this resolution? The constitution declares that no law retrospective in its operation can be passed. Regarding the resolution as intended to be a law (and if it is not it has no effect), it is undoubtedly retrospective in its operation, and destructive of a vested right, and therefore void.

It was argued in behalf of the auditor that he was subject to the directions of the General Assembly, which can prescribe his duties and alter them at pleasure, and that this resolution was a mere direction to him as to the performance of his duties, which he was lawfully bound to obey. Without disputing the general principle, it is a sufficient reply to this argument to say that such directions cannot be lawfully given and obeyed for the mere purpose and effect of destroying the rights of other persons already vested by law.

Peremptory mandamus is awarded. Judge Dryden concurs. Judge Bay being sick did not sit in the cause.