Tompkins, J.,
delivered the opinion of the Court.
The County Court of Pike county had entered up a judgment against Matson as-, administrator, in favor of the distributees of Matson’s intestate, from which judgment *240 each party appealed to the Circuit Court, that Court dismissed leach appeal fon wanin of prosecution. Dickerson, the appellee, then procured a sckfaj to he issued from. the County Court, requiring Matson, the appellant, to showicause why execution should not issue against him. Matson then, by C. H. Allen, his attorney, moved, the Court that the -final settlement of his administration he opened, and that he he admitted to make a.new or further settlement thereof upon a certain agreement, in, writing of the said-lMdtson and Dickerson, and Upon the discovery of certain credits which were not recollected’at the final settlement of the estate $ :and that no execution he issued.-on the sci-.fd. until the matter be heard-hy the Court. The motion, was overruled. Ffom this judgment and decision of the County.Court, Matson appealed to the-Circuit Court, but failing to prosecute his appeal, Dicker-son obtained! an execution, and Mhtson having obtained .a .writ of error from the office of the • Clerk of the Circuit Court, and the Judge of that Circuit directing such writ to be made a supersedeas, the.cause was brought into the Circuit Court. On motion the • cause was dismissed -.by the Circuit Court for want of jurisdiction, and M'átson ap- - pealing brought if into-this Court.
For the plaintiff in error it is contended that the Circuit Court having, by 8th section of the 5th article of the -Constitution, a superintending control over such inferior tribunals as the Legislature may establish,,and the County Court being an inferior jurisdiction so established; the Circuit Court has a right to-exercise that control by • writ of error, even though the statute should deny it the -use of such writ. And it is likened to the cases in which this Court took by aid of the writ of error, appellate jurisdiction over- cases decided in the Circuit Court, when the amount in. controversy was less than one hundred-dollars, although the statute had.limited its-, appellate jurisdiction to -that sum.. On the othter side it is contended that by the 2d , section of the 5th article of the Constitution, this Court having appellate jurisdiction. over the Circuit Court,.is therefore only authorized to use the writ of error when the statute denies it, and that the superintending control given to-it by the 3d section of.' the same article, is to be exercised only by writs of habeas corpus, &c., and to this • opinion a majority of this Court inclines. The 6th section of the act to establish Courts of Justice, &c., see .Laws Mo., p. 270, gives ..the Circuit Court its . appellate jurisdiction, and the 77th section of the act concerning executors and ad- • ministrators, directs how an appeal shall be taken. In all cases it must be done at the term where the decision is made, affidavit must be-made, &c., and then this • appeal, operates as a. supersedeas, in no other matter relating to the duties of executor or administrator, or. the administration of the estate, than that from which the appeal. is specially taken. In all sums over two hundred dollars, the County .Court and the Circuit Court have concurrent jurisdiction, and the plaintiff if he will sue in the Circuit Court, by the same 8th section giving the Circuit Court a superintending - control over the inferior tribunals to be established by the Legislature, a like control is given to that Court over the Justices of the Peace of its particular Circuit, and ' yet it never was pretended that a writ of error lay from the Circuit Court to the decisions of the Justices of the Peace. The Justice’s Court is certainly no Court.of record, and it may be said that the Legislature was under no obligation to make that inferior tribunal, called a County Court, a Court of Record; and had it not been a Court of Record, it is imagined that no one would have contended the writ of error would lie. What the law-maker could denyjby indirect means, it may equally deny in a direct manner. In all cases of the settlements of estates of deceased persons, *241 the statute provides that the-appeal shall be taken at the term the decision was made, and at no other term. Nor are-we inclined to think it an unreasonable law in the general. But it seems great evil would be the consequence of allowing the writ of error to go in such cases as the present.
The case of Town and the Clerk of the Supreme Court has been relied on. Town is there said to have applied to the Clerk of the Supreme Court for a writ of error, to bring “ up a certain matter there decided and adjudged, wherein by law an appeal does not lie to the Circuit Court,” and the Clerk refusing to issue the writ, applieation was made to this Court to compel him.; but this Court refused, and intimated a belief that a writ of error would lie from the Circuit Court to the County Court. This is no more than a dictum of the Court, in.a case-too-whore no appeal lay. Here the appellant had neglected to avail himself of his right to appeal. The judgment of the Circuit Court is therefore affirmed.