GREEN'S ADMINISTRATOR, Defendant in Error, v. VIRDEN AND OTHERS, Plaintiffs in Error.

1. Where, in a case of the death of one of two partners, the survivor gives the bond required by the 50th and 51st sections of the first article of the administration act (R. C. 1845, p. 70), with approved securities; *held*, that such survivor can not be removed by the probate court and deprived of his right to the control and management of the partnership effects, on the ground that he has, since the giving of the bond, become a non-resident of the state.

*Error to St. Charles Circuit Court.*

James Green was, in his life-time, a partner with Virden, plaintiff in error, in a saw-mill. After Green's decease, letters of administration on his estate, bearing date April 6th, 1853, were granted to Robert H. Parks, defendant in error. Virden, July 11th, 1853, gave bond as surviving partner of the firm, in pursuance of § 51 of article 1 of the administration act of 1845, and entered upon the management of the effects of the partnership, and sold the mill and its appurtenances for $1600. The county court of St. Charles county, April 5th, 1854, revoked the letters which had been granted to Virden as surviving partner, because he had ceased to be a resident of the state of Missouri, and on the 28th of September, 1854, granted letters *de bonis non* on the partnership effects to Parks, defendant in error. The said Parks instituted this suit October 11, 1854, against Virden and his securities, to recover $1600 received by Virden from the sale of the mill. The breaches of the bond assigned were that Virden had not used due diligence and fidelity in closing the affairs of the partnership; that he had not applied the property thereof towards the payment of the debts of the partnership; that he had not paid over to the plaintiff, Parks, the partnership funds or property, and more particularly that he (Virden) had received $1600 belonging to the partnership of Green & Virden, and had not applied any part thereof to the payment of the debts of

the firm, and that the debts of said firm are and remain unpaid ; and, although said Virden's letters of administration on said partnership have long since been revoked, and plaintiff (Parks) has been appointed and qualified administrator *de bonis non* thereof, yet defendant (Virden) has not yet paid and delivered to plaintiff the money, effects and property belonging to the said partnership of Green & Virden.

Virden, in his answer, denied that he had not used due diligence and fidelity in closing the affairs of the partnership, and that he had failed to apply the property or any part thereof towards the payment of the debts of the partnership, and claimed a set-off of $688 92 for moneys paid out by him on account of and for work and labor performed by him for the partnership, and about the partnership.

The court, on motion of plaintiff (Parks), struck out of the answer all that part of the answer which set up as off-set to plaintiff's demand the services performed by defendant (Virden) and his hands, wagons, teams, board of hands hired, and cash paid out for said firm, performed, furnished or paid prior to the death of James Green.

The cause was tried by the court sitting as a jury, and after making an allowance to defendant (Virden) for commission and for money paid out by him for the partnership, of the sum of $113 17, judgment was given for plaintiff for the sum of $1651 11.

*C. D. Drake*, for plaintiffs in error. The court erred in rendering judgment for the following reasons : 1. The defendant below has never ceased to be legally qualified for the " management" of the partnership effects. Having given bond therefor, as required by law, he was entitled to hold and manage those effects as surviving partner. 2. The county court of St. Charles county had no legal authority to " revoke his letters of administration," because no letters of administration were ever legally granted to him ; and because, if there had been, there is no law giving that court the power to make such a re-

vocation, on the ground of the surviving partner having become a non-resident of the state.

Such a power can not properly be established by *inference*, which is the only way that the defendant in error seeks to establish it. If inference is to be resorted to, it is decidedly *against* the power, on the principle, *expressio unius est exclusio alterius*. The same law which regulates the obligations of surviving partners regulates the powers, rights, duties and obligations of executors and administrators. It declares that the letters of an executor or administrator shall be revoked, if he cease to reside in the state ; but it does not declare that, if a surviving partner cease to reside there, he shall be discharged from the management of the partnership estate. Therefore, the principle above cited applies. But further, there is a most essential difference between an administrator and a surviving partner. The former is the mere creature of the law, administering an estate for the benefit of all parties interested in it, but having, *as administrator*, no interest in it. A surviving partner is, by the general law, the actual proprietor of the partnership effects ; and he is required to give bond, simply to insure the application of those effects, *first*, to the payment of the partnership debts ; and, secondly, to the payment of the deceased partner's share of the concern to his legal representatives. He has no functions to perform under the orders of the county court in relation to the partnership effects. That court has no right to allow demands against him, as surviving partner, to direct him to sell property or otherwise to control him, except to cite him to account and to adjudicate upon his account. If he fail to give bond, as required by law, the partnership effects are taken out of his hands ; but if he give bond he is entitled to hold them wherever he may reside ; his bond being considered as security for their faithful application, as required by its terms. Hence, if the county court granted letters of administration in this case to Virden, such letters were a mere nullity, not being authorized by law, and the assumed

revocation of them was a nullity, for the law gave no power to make it.    3. The administrator of a deceased person has no right of action against a surviving partner, who has given bond as required by law, except in one of two cases ; either, *first*, to recover what is due from the partnership to the decedent's estate ; or, *second*, to recover moneys which he has been obliged to pay as administrator, and which the surviving partner had partnership effects sufficient to pay, and failed to pay. (See condition of the bond as prescribed in § 51 of the administration act.)    The petition, in this case, does not aver that any thing was due from Virden to his deceased partner's estate ; but proceeds upon the mere naked ground that Virden had not used due diligence in closing the partnership affairs, and had not paid the partnership debts.    This was no breach of the bond, so far as the *administrator* was concerned : *the creditors of the firm* were the only persons who could sue on the bond, on the ground of the non-payment by Virden of those debts, unless the administrator had been compelled to pay debts which the survivor ought to have paid.    4. Even if any thing was due to the administrator in the settlement of the partnership affairs, he was not, by the terms of the bond, bound to pay it until the expiration of two years after the date of the bond.    This suit having been brought in less than that time, after the date of the bond, can not be maintained.    5. The judgment of the court necessarily assumes that the attempted displacement of the surviving partner, made by the county court, was a legal act, and was effectual in displacing him ; and therefore the points above made, in regard to that, apply here.    If those points are tenable, then the finding of the court was erroneous.    By the finding of the court no breach of the bond was established.    The court seems to have proceeded upon the ground that the action of the county court entitled the administrator to recover from the survivor the entire fund received by him from the sale of the partnership effects, which is manifestly erroneous ; for, after the survivor had once given bond, if he were even legally displaced by the county court,

33—VOL. XXII.

the administrator of the deceased could maintain no' action against him, except in the cases designated in the third point above made.

*J. D. Coalter*, for defendant in error. 1. The county court had the power to remove the surviving partner upon his becoming a non-resident, and deprive him of the power of administering on the partnership effects. The statute gives this power by implication. It speaks of this as a case of *administration*, and requires the surviving partner to give bond " in such sum and with such securities as is required in *other* cases of administration." (See § 50, 52 and 58, art. 1, tit. " Administration," R. C. 1845, p. 70, 71 and 72.) It is clearly within the spirit and meaning of the statute that neither this nor any other administrator of a deceased person's effects shall be a non-resident of the state. 2. The court committed no error in striking out part of the defendant's answer. The defendant (Virden) sought to set up his individual claim, as one of the partners, as an offset against the demand made upon him to turn over the partnership effects. This he had no right to do.

Scott, Judge, delivered the opinion of the court.

The defendant (Virden) and James Green, deceased, were partners. Green died, and the defendant (Virden), his partner, gave the bond required by the statute, and retained the control of the partnership effects. Afterwards, the county court of St. Charles county removed Virden and revoked the powers granted to him, because he became a non-resident, and appointed Parks, administrator *de bonis non*, (as he is termed in the proceedings,) of the partnership effects, who brings this suit on the bond given by Virden as surviving partner, alleging breaches of its several conditions. The record raises the question, whether a surviving partner, who gives the bond required by the statute for the due management of the partnership effects, can, for non-residence, or any other cause, be removed by the probate court in the same manner as an ordinary administrator.

Green's Adm'r v. Virden.

The provision requiring the surviving partner to give bond for the use of due diligence in the management of the partnership effects, is a new one, in derogation of the rights of the surviving partner, as they existed at common law. All interference with his rights must have a support in the statute law, and we are restrained from going farther in diminishing his control over his goods than the words of the law fairly warrant. It is to be borne in mind that the survivor is the owner of one half of the effects. Where the surviving partner fails to give bond, and the administrator of the deceased partner takes charge of the partnership effects, he can not prosecute suits in his own name as administrator, but he is compelled to use the name of the surviving partner. When the survivor elects to take the control and gives the bond required by law, the powers to be exercised over him are statutory. The bond is a pledge for the security of that portion of the effects belonging to his deceased partner's estate committed to his charge. The 52d section of the 1st article of the administration law enacts that " the county court shall have the same authority to cite such survivor to account, and to adjudicate upon such account, as in the case of an ordinary administrator, and the parties interested shall have the like remedies, by means of such bond, for any misconduct or neglect of such survivor as may be had against administrators." There is nothing here like a power of removal. On the contrary, from the language of the statute, it would seem that the remedy against the survivor is to be had by means of the bond. It would be against all principle to assume by implication a power of taking away the right of control which a man has over his own property. There is no hardship in this conclusion. The sureties of the survivor must be such as the law requires for administrators. They will be residents of the county, and if the survivor absents himself, his bond and sureties will be accessible to all who may suffer by reason of his neglect.

The judgment is reversed ; the other judges concurring.