CROW, McCREERY & Co., Plaintiffs in Error, v. JOSEPH A. WEIDNER, Defendant in Error.

1. *Administration—Partnership.*—The surviving partner administering upon the effects of the partnership is obliged to account only for such effects and assets as actually come into his hands as surviving partner. Sec. 63, p. 125, R. C. 1855, has no application to the surviving partner, but to the administrator of the deceased partner, in respect to the excess of funds he might receive from the surviving partner upon such settlement.

2. *Administration—Partnership.*—Under the act R. C. 1855, p. 121, &c., the powers of the surviving partner are not changed or restricted, otherwise than that he is required to give security for faithful administration of the assets, and payment of the balance due after paying the partnership debts, &c., He is not required to pay the claims presented pro râta, but may pay in full such as he sees fit.

3. *St. Charles Probate Court—Appeal.*—Under the provisions of the act establishing the St. Charles Probate Court, (Sess. Acts 1859-60, p. 13, § 3,) an appeal lies from that court to the Supreme Court.

### *Error to St. Charles Probate Court.*

The defendant in error was surviving partner of the firm of Wiedner & Baare, and as such administered on the partnership effects. His second annual settlement was contested by plaintiffs in error, on behalf of themselves and other creditors of the firm. Defendant in error had charged against himself in the inventory, a book account against his deceased partner for $680.88, and ·one against himself for $648.92. The court allowed him a credit for the amount of these two accounts, as " unavailable," both the estate of the deceased partner and the surviving partner himself being insolvent. It appeared from the settlement and the record admissions of defendant in error, that claims against the partnership (including that of plaintiffs in error) had been regularly exhibited to the survivor for allowance and classification in the first class ; that he had, nevertheless, wholly disregarded the classification and exhausted the assets of the concern in paying off *in full* a portion of the claims, leaving about $9,000 of claims in the first class (including that of plaintiffs in error) without any payment or benefit whatsoever of the assets. It was urged by plaintiffs in error, that there should have been an apportionment *pro rata* of the assets among the claims exhibited in the first class. The court overruled this view, and declared the law to be, that the survivor was entitled to credits for all demands which he had *paid*, whether in the first or second class; provided, only, that the court be satisfied of the justness of such demands.

These points were settled by the court in the giving and refusing of instructions, to which exceptions were duly saved by plaintiffs in error.

*E. A. Lewis*, for plaintiffs in error.

I. The first declaration of law by the court, on its own motion, is erroneous. A claim in favor of an estate, against the administrator, is *assets* in his· hands ; and a surviving

27—VOL. XXXVI.

partner, administering on the partnership effects, is subject to the same duties and responsibilities as an ordinary administrator. (R. C. 1855, p. 133, § 28; *id.* p. 125, § 65.)

II. The statute (R. C. 1855, p. 124, § 62) authorizing the surviving partner to pay off just demands, without waiting for their allowance by the probate court, goes no further than this. It does not nullify the next succeeding section (sec. 63), which, however, is rendered wholly inoperative by the effect of the instruction given. The law merely presumes that the surviving partner, from his interest in, and knowledge of the affairs of the concern, will not pay an unjust demand, and nowhere intimates a departure from those principles of equitable distribution which are established and adjusted by various other enactments. (R. C. 1855, p. 124, § 62; *id.* p. 125, §§ 63, 65; *id.* p. 152, § 5; *id.* p. 157, § 29; Chouteau v. Consoue, 1 Mo. 350.)

*T. W. Cunningham,* for defendant in error.

The court allowed these accounts as credits, not as unavailables, but as items wrongfully inventoried and charged against the surviving partner. Plaintiffs in error contend that they were debts due the intestate by the surviving partner, and support their position. (R. C. 1855, p. 133, § 28.)

The defendant in error contends—1. That he is not the administrator of the intestate. 2. That he, the surviving partner, is not indebted to the intestate; these accounts are not debts due by the surviving partner to the intestate; and, 3. That they are not assets in the hands of the survivor, neither would they be assets in the hands of the administratrix of the deceased (28 Mo. 186, Bredow v. Mut. Sav. Inst.) until an account taken and settlement made between the surviving partner and the personal representatives of the deceased partner, the debts and liabilities of the firm paid, and the balance struck, if any, and the surplus would be assets in the hands of Mrs. Baare, the administratrix of the deceased partner or intestate. (Sto. Part. §§ 346-7-8-9; Gow. Part. ch. 5, § 2, p. 236; ch. 5, § 4, p. 352, 3d ed.)

The rule is, "the stock is to be taken at the dissolution (at death for instance), and the proceeds until it is got in; and each is to be credited or allowed whatever he has advanced to the partnership, and to be charged with what he has failed to bring in, or has drawn out, more than his just proportion." (Sto. Part., note under sec. 347, and authorities there cited.)

As to the second point made by the plaintiffs in error, the defendant in error contends that the statute does not require the demands against the partnership effects, in the hands of the surviving partner, to be allowed and classified by the probate court. These debts are joint and several; the creditors may coerce the payment either from the surviving partner or from the executor or administrator of the deceased partner's estate. (Sto. Eq. § 676.) And when the survivor pays off demands against the firm, he is entitled to credit for the amount so paid, without allowance and classification. But when the surviving partner refuses to pay the debts of the late firm, and the executor or administrator of the deceased partner gives the additional bond and administers on the partnership effects, then the statute requires the demands to be presented, allowed and classified. (R. C. 1855, p. 125, § 62, Art. I., Admin. Law.)

HOLMES, Judge, delivered the opinion of the court.

The defendant, as the surviving partner of the firm of Weidner & Baare, gave bond and took charge of the partnership effects of the firm, for the purpose of closing up the affairs of the partnership, in accordance with the statute, and made a final settlement with the probate court of St. Charles county. In that settlement, he was allowed credits on his inventory, first, for a debt due by Baare to the firm at the time of his decease, and for a debt due by himself to the firm at the same time, both appearing to have been then individually insolvent; and, second, for all moneys made on executions on debts of the firm against the individual property of the survivor, or on garnishments of debts due the

firm ; and, third, for all uncollected and unavailable demands which had been inventoried as partnership effects ; and, fourth, for commissions and attorney's fees.

The plaintiff appeared at the settlement, and objected to the first credit allowed, and insisted further that his account was objectionable for the reason that in allowing and paying off the debts of the firm out of the partnership effects in his hands, he had paid them all in full, when he should have classed them and paid them only *pro rata*, as required by the 63d section of Art. I. of the Administration Act. (R. C. 1855, p. 125.) Neither of these objections can be sustained. The surviving partner was accountable only for the effects which actually came into his hands under his bond and charge as such surviving partner; and the 63d section, above referred to, had no application to him, but only to the administrator of the deceased party's estate, in respect to the excess of funds which he might receive from the surviving partner upon such settlement. Under this act the powers of a surviving partner, in closing up the affairs of the partnership, are not changed or restricted, otherwise than as he is required to give bond and security that he will use due diligence and fidelity, and pay over the excess of funds in his hands that remains after satisfying the partnership debts and the costs and expenses of his administration; but for any misconduct or neglect, there is a remedy on his bond. (Green's Adm'r v. Virden, 22 Mo. 511.)

His settlements with the probate court are of the nature of a judicial proceeding, and, like other settlements of the same nature, as those of administrators and guardians, they are judgments from which an appeal may be taken. Such an appeal comes within the language and intent of the act; (§ 65 of Art. I., and § 9 of Art. VIII. ;) but the appeal must be taken to the Circuit Court. (§ 1 of Art. VIII.) By these provisions of the act, the right of appeal is placed on the same footing with an appeal from a settlement of an administrator. (§ 1, clause 2, of Art. VIII.)

It is contended on the part of the defendant, that a writ of error does not lie in such case from this court to the probate court. It was decided in Matson v. Dickerson (3 Mo. 339), that a writ of error would not lie from the Circuit Court to the county court, in matters of probate jurisdiction, where the statute only gave an appeal. Writs of error from the Supreme Court, upon any final judgment or decision of a Circuit Court, are in all cases writs of right. (R. C. 1855, p. 1294, § 1.) The "Act concerning administrators" only allows an appeal to the Circuit Court, and there is no statute which makes any provision for a writ of error directly to this court in such cases. We are of the opinion that the writ of error does not lie to this court.

This necessarily disposes of the case as it is now presented here; but we may take occasion to observe, that we have not discovered any material error in the action of the court below, either in making the settlement or in giving or refusing instructions.

The writ of error will be dismissed. The other judges concur.

*Opinion of the Court on motion for a re-hearing. Judgment below affirmed.*—HOLMES, J.

The plaintiff's counsel has filed a motion for a re-hearing in this cause, for the reason that an appeal or writ of error is given by special statute from the probate court of St. Charles county to the Supreme Court, and also for the reason that the court erred in the construction given to the 63d section of Art. I. of the "Act concerning administrators." (R. C. 1855, p. 125.)

The act of December 31, 1859, amendatory of "An act to establish the nineteenth judicial circuit and for other purposes," approved March 9, 1859, (Adjourned Sess. Acts of 1859–60, p. 13, §§ 1, 3,) creates a court of record to be called the St. Charles Probate Court, and provides for an appeal or writ of error in all cases of final judgment or decision of said court directly to the Supreme Court. Our

attention was not called to this act on the hearing of the cause, and the existence of such an act was overlooked by the court.

We see no reason for changing the opinion heretofore given upon the construction and application of the 63d section of Art. I. of the "Act concerning administrators," above mentioned.

For the error in overlooking the special act in relation to the St. Charles Probate Court, the judgment of dismissal of the writ of error will be set aside, and, for the reasons expressed in the opinion heretofore filed in this case, judgment will be entered affirming the judgment of the court below. The other judges concur.