HAWKINS v. CUNNINGHAM. *Appellant.*

1. **Compensation of Administrator pendente lite.** An administrator appointed under section 13, p. 72, Wag. Stat., pending a suit to test the validity of a will, is not, upon the termination of the suit and the surrender of the estate to his successor, entitled to charge a commission of five per cent. upon all the personal property of the estate. He should be allowed a commission only upon moneys actually paid out; and, in addition to this, a reasonable compensation for leasing real estate, for legal services and advice and for collecting and preserving the estate.

2. **Allowance of Compensation:** APPEAL. The compensation of an administrator is not a matter within the discretion of the court having probate jurisdiction, and an appeal, therefore, will lie from the decision of such court as to its amount.

3. ———: EVIDENCE. Where the amount to be allowed to an administrator *pendente lite*, is the matter under consideration, evidence of the compensation allowed by the court in a similar case is incompetent.

4. ———: ———. Evidence of the amount which, by compromise

the executor was to receive, or of the services to be performed by him, is, in such case, also incompetent.

*Appeal from Howard Circuit Court.*—Hon. G. H. Burck-hartt, Judge.

*S. C. Majors, Jr.,* and *R. C. Clark* for appellant.

Under the statute, (1 Wag. Stat., p. 72, § 13,) an administrator *pendente lite* is required to take charge of the property and administer the same according to law. The administration law makes no distinction between general and special administrators, and fixes their compensation at five per cent., which cannot be altered by the court. 1 Wag. Stat., p. 108, § 9; *McWhorter v. Benson,* 1 Hopk. 28; *Vanderheyden v. Vanderheyden,* 2 Paige 287. The compensation allowed by the court having probate jurisdiction, is final, and not subject to review by a superior court, except for fraud or mistake. *Ex parte Houghton,* 3 Dev. 441; *Cherry v. Jarratt,* 25 Miss. 221; *Walton v. Avery,* 2 Dev. & Bat. 405; *Jones v. Brinker,* 20 Mo. 87; *Burt v. Rynex,* 48 Mo. 309.

*Thos. Shackelford, Jas. A. Clark* and *Herndon & Herndon* for respondent.

The five per cent. commission is given on the amounts disbursed, and not, as claimed in this case, on the uncollected assets. The administrator *pendente lite* occupies the position of a receiver, who acts under the orders and direction of the court to preserve the estate. *Lamb v. Helm,* 56 Mo. 433.

Henry, J.—In the year 1874, or 1875, Wesley Hieronymus died in Howard county, having made a last will and testament by which John W. Hawkins was appointed his executor. The will was admitted to probate by the county court of said county, but certain of his heirs, filed

their petition in the circuit court of said county, contesting the validity of the will, and W. F. Cunningham was appointed administrator pending the contest. On the 4th of October, 1875, the suit between the heirs and executor having been dismissed in pursuance of a compromise agreement, the county court revoked Cunningham's letters of administration, and made an order, requiring him to deliver to said Hawkins all the assets, &c., of the estate, and make a final settlement of his administration at the next term of the court. At the November term of said court, 1875, Cunningham made his final settlement, and was allowed by the court, as compensation for his services, $2,586.99, and $300 for attorney's fees. From this judgment, the executor appealed to the circuit court, which allowed the administrator but $696.75, and $300 for attorney's fees, and from the judgment of the circuit court, Cunningham has duly prosecuted his appeal to this court. The personal property of the estate, as shown by Cunningham's settlement, amounted to $54,680.46. The amount of the notes and interest at the date of the inventory was $51,438.12, and the $49,708.40 received by the executor from Cunningham, except about $5,000, were the original notes belonging to the estate.

Cunningham claims that he was entitled, under Sec. 9, Art. 5, Wag. Stat., p. 108, to five per cent. on the personal estate as a compensation for his services. Sec. 13, p. 72, Wag. Stat., provides that: "If the validity of a will be contested, or the executor be a minor or absent from the State, letters of administration shall be granted during the time of such contest, minority or absence, to some other person, who shall take charge of the property and administer the same according to law, under the direction of the court, and account for and pay and deliver all the money and property of the estate to the executor or regular administrator when qualified to act."

This section distinguishes betwixt an administrator

1. COMPENSATION OF ADMINISTRATOR PENDENTE LITE.

appointed pending the contest of a will and the executor appointed by the will or an administrator with the will annexed.   The latter is termed the regular administrator. The administrator appointed while the suit is pending is only a temporary or special administrator.   In the case of *Lamb v. Helm, Admx.*, 56 Mo. 433, this court said: " Such special administrators occupy more nearly the position of a receiver who acts under the direction of the court, than they do the position of a general administrator."   The 9th section, page 108, Wag. Stat., allowing to executors and administrators five per cent. on personal estate, as compensation for their services, construed with reference to section 13, does not embrace administrators appointed pending a suit to contest the validity of a will.   Any other construction would lead to consequences which could not be tolerated.   If it is to receive the broad construction contended for by the appellant, an administrator might qualify, make his inventory and appraisement, then performing no other service, resign and charge full commission ; one appointed in his stead might qualify, receive the assets from his predecessor, and having performed no other duty, resign and receive full commission, and this might be repeated by successive administrators until nothing of an estate would be left.   The commission allowed is a compensation for the services performed by the administrator.   If he fully administers the estate he is entitled to the full commission.  If he chooses to resign, or if for cause he be removed, before he fully administers the estate, he will only be allowed reasonable charges for leasing real estate, legal advice and service, collecting and preserving the estate, and five per cent. upon the amount of money he may have actually paid out.   Delivering to his successor the money, notes and accounts remaining in his hands at the date of his resignation or removal, is not to be considered a payment of money on which he is entitled to charge a commission.   If money has been collected by him and not paid out when he resigns or is removed, he will

be compensated for that service under Sec. 9, for "collecting and preserving the estate."

The position of appellant's counsel, that the allowance of compensation to the administrator is not appealable, is 2. ALLOWANCE OF untenable. It is not a matter within the dis-
COMPENSATION: cretion of the court having probate juris-
appeal. diction. The law prescribes the compensation and if the probate court err in its construction of the law, the party aggrieved may appeal from its decision. The 1st section of Art. 8, page 119, Wag. Stat., expressly provides that appeals shall be allowed from the decisions of the court having probate jurisdiction, on orders making allowances for the expenses of administration, and in all other cases where there shall be a final decision of any matter arising under the provisions of the administration law.

Appellant complains of the exclusion, by the court, of evidence of the amount allowed A. W. Lamb, admr., *pen-*
3. ——: evidence. *dente lite* of the estate of John B. Helm, by the Hannibal probate court. It was clearly incompetent evidence. If that court had allowed Mr. Lamb less than he was by law entitled to, that is no reason why the county court of Howard county should have allowed Cunningham less; and if the Hannibal probate court allowed Mr. Lamb more than he was entitled to, it was no reason why the Howard county court should have allowed Cunningham more than he was entitled to. There is no principle of common law nor any statutory provision which would admit evidence of the judgment of the Hannibal probate court in another case to establish what compensation Cunningham is entitled to in this.

Nor did the court err in declaring that the amount which, by compromise, the executor was to receive as his 4. ——: ——. compensation, and the fact, that said executor was only to make distribution of the assets among those entitled, should not be considered in determining the compensation to which Cunningham was entitled.

These facts would have had no tendency to establish

the value of Cunningham's services. The circuit court allowed him, and we think properly, five per cent. on the money collected and disbursed by him, $300 for attorney's fees, and $400 for extra services. It is unnecessary to notice particularly the instructions given or refused. Those for appellee were in harmony, and those asked by appellant, and refused, in conflict with the views entertained by this court, and, all concurring, the judgment is affirmed.

AFFIRMED.