GREGORY, *Surviving Partner*, *v.* MENEFEE, *Administrator, et al., appellants.*

1. Surviving Partner: NO COMPENSATION FOR SERVICES. A surviving partner is not entitled to compensation for his services in administering upon the partnership estate.

2,   ————: NOT CHARGEABLE WITH INTEREST, WHEN. A surviving partner should not be charged with interest on the assets of the partnership in his hands while winding up the business of the firm, where it does not appear that there was unnecessary delay in closing up the estate, nor that the money of the partnership was used by the surviving partner in his business nor that he made profit out of it.

*Appeal from Jackson Circuit Court.*—Hon. Nelson Cobb, Special Judge.

Reversed.

*C. T. Garner & Son* and *Peak & Yeager* for appellants.

The surviving partner was not entitled at common law to compensation for winding up the partnership estate. Story on Partnership, secs. 182 and 331; Collyer on Part., (Perkins Ed.) sec. 183; Parsons on Part., pp. 229, 230; *Paine v. Thatcher,* 25 Wend. 452; *Brown v. McFarland,* 41 Pa. St. 129; *Johnson v. Harthouse,* 52 N. Y. 173. Nor is there any statutory provision changing the common law rule. *Denny v. Turner,* 2 Mo. App. 52; *Crow v. Weidner,* 36 Mo. 416; *Green's adm'r. v. Virden,* 22 Mo. 506; *Mutual Sav. Assoc. v. Enslin,* 37 Mo. 453; *Brown v. Mut. Sav. Ins.,* 28 Mo. 181; *State v. Clinton,* 67 Mo. 380. A surviving partner ought not to be charged with interest on the assets of the partnership in his hands while winding up the business of the firm. *In re Davis,* 62 Mo. 450; *Madden v. Madden,* 27 Mo. 544; R. S., 1879, sec. 232.

*Gage, Ladd & Small,* and *Lathrop & Smith* for respondent.

(1) Our administration law has provided a full and complete system for the settlement of estates, both individual and partnership, and has superseded all other modes of settlement. *Titterington v. Hooker,* 58 Mo. 593; *Pierce v. Calhoun,* 59 Mo. 271; *Ensworth v. Curd,* 68 Mo. 282; *Gray v. Clement,* 12 Mo. App. 579. (2) The surviving partner, in charge of the partnership estate, is an administrator, subject to all the provisions of the administration law that are applicable, and entitled to compensation as allowed by that law. 1 Wagner's Missouri Statutes, secs. 52, 54, 56, 63, 66, pp. 78–81; sec. 9, p. 108;

sec. 10, p. 120 ; Kelley's Probate Guide, page 320 ; *Crow v. Weidner*, 36 Mo. 412 ; *The State v. Donegan*, 12 Mo. App. 190 ; *Bewley's Estate*, 12 Phila. (Pa.) 56 ; *Tiemann v. Molliter*, 71 Mo. 512; Schouler's Executors and Administrators, p. 638, sec. 545 ; *Schwecke v. Mathias*, 8 Mo. App. 569. (3) The administrators of the individual estate of Lee H. Warinner are entitled to no commissions upon the funds received from the surviving partner. They have performed no services and have been put to no trouble on account of such funds. W. S., sec. 9., p. 108 ; Marvin's Estate, Myrick's Probate (Cal.) 168 ; *Hawkins v. Cunningham*, 67 Mo. 415. (4) The surviving partner was not properly chargeable with interest under the law upon the purchase money paid for the stock. The probate court had the power to make the order relieving the survivor from payment of interest, and that order not being appealed from is final. In any event, this court, except in an extreme case, would not undertake to review the action of the probate court in such a matter. Besides, there is no evidence whatever in the case that the surviving partners used any money belonging to the partnership estate for their own private purposes. *Scott v. Crews*, 72 Mo. 261 ; *Henry v. McKerlie*, 78 Mo. 416 ; Revised Statutes, 1879, secs. 231–2 ; Wagner's Missouri Statutes, sec. 1, p. 119 ; *Madden v. Madden*, 27 Mo. 544 ; *In re Davis*, 62 Mo. 450 ; *Schofield's Estate*, 99 Ill. 513 ; *Peckens v. Miller*, 83 N. C. 543.

NORTON, J.—It appears from the record in this case that in August, 1877, L. H. Warinner, a member of the partnership of Warinner, Gregory & Co., a firm composed of L. H. Warinner, W. S. Gregory and James H. Beckham, departed this life ; that after his decease W. S. Gregory and James H. Beckham, surviving partners, in August, 1877, filed their bond in pursuance of the statute, took charge of the assets of the partnership and proceeded to wind up its affairs. The record shows that two annual settlements were made in the probate court, in each of which the surviving partners took

credit for five per cent. commission on the assets passing
through their hands.    It also shows that on the 26th day
of November, 1880, James H. Beckham in the meantime
having resigned or withdrawn from the firm, W. S.
Gregory filed in the probate court of Jackson county his
final settlement in which he, also, took· credit for five
per cent. commission on the assets which had passed
through his hands since his second annual settlement.
It appears that B. I. Menifee, administrator of the estate
of said Warinner, deceased, appeared in said court and
filed exceptions to said settlement, objecting to the
credit in the various settlements of five per cent. commis-
sion ; and also objecting to the settlement on the ground
that said Gregory had failed to charge himself with inter-
est on  amounts in his hands, especially so upon $64,000,
the amount of the proceeds of the sale of stock in trade
belonging to said firm.    In passing on the exception to
commissions the  probate  court found  an excess in the
commissions charged by Gregory of $3,358.08, and to that
extent sustained the exception—overruled the exceptions
as to the failure of Gregory to  charge himself with inter-
est, and rendered judgment accordingly.    From  this
judgment an appeal was taken to the circuit court, where
on trial had before Nelson Cobb,  special judge, the ex-
ceptions were overruled, the final settlement as presented to
the probate court adjudged  to be correct and  judgment
entered confirming the same.    From this judgment the
administrator of the estate of Warinner has appealed to
this court, and his appeal presents and  calls for the de-
termination of two questions :   1. Was Gregory, who as
surviving partner gave bond and administered the part-
nership effects, entitled under the law to five per cent.
or other commission, on the amount of the partnership
assets which passed through his hands in winding up the
partnership affairs?   2. Ought he to have been charged
in his settlements with interest on such assets?

Although it appears in the case of *Crow v. Weidner*,
36 Mo. 412, that a surviving partner who had given the

statutory bond and administered the partnership took credit for commissions, the right to take such credit was in no way considered or passed upon by the court, and hence, it may be safely said that the question raised on this appeal as to the right of a surviving partner to commission by way of compensation is one of first impression in this court. If the first question propounded is to be determined by the rule prevailing at common law a negative answer must be returned to it, for the authorities cited by counsel for appellant abundantly establish the following proposition : "That at common law, when any member of a partnership died, such death operated as a dissolution of the partnership, and in that event it was the right as well as the duty of the surviving partner to settle and wind up the partnership affairs." For the performance of such duty the surviving partner was not entitled to compensation, unless it was otherwise stipulated in the articles of partnership. If, therefore, Gregory is entitled to the credits claimed for commission, it is not in virtue of the common law, but by reason of some statutory regulation changing the common law in that respect, and if such change exists it is for him to show it.

Counsel for respondent claim that such change has been effected, and base their claim on section 9, 1 Wag. Stat., p. 108, which is as follows : "In all settlements of executors or administrators, the court shall settle the same according to law, allow all disbursements and appropriations made by order of the court ; * * * and as full compensation for their services and trouble a commission of five per cent. on personal estate and on money arising from the sale of real estate." Before this section can be held to sustain the claim laid upon it, it must be made clearly to appear that a surviving partner who gives the statutory bond and proceeds to wind up the partnership affairs is an administrator in the sense in which that word is used in the section above quoted. It is plausibly argued that such surviving partner is an administrator in the sense of the statute, and that this is shown by such

phrases occurring in the statute as the following: "The condition of the bond required to be given by the surviving partner desiring to administer upon the partnership effects;" "if the surviving partner shall not have administered on the partnership estate;" "in all cases where the surviving partner administers on the partnership estate;" "the administration upon the partnership effects shall be, etc." The argument based on these phrases is, that as the surviving partner is said "to administer," and his management and control of the assets in winding up the partnership is said to be "an administration of the partnership effects," that it, therefore, necessarily follows that he is an administrator in the sense of that word in section 9, *supra*. This, we think, is a *non sequitur*, for nothing is more common in the books where, in speaking of trustees, they are said to administer the trust property, and their manner of doing it is spoken of as an administration of the trust funds or property, and yet it would not follow from this that they would cease to be trustees and become administrators.

The conclusion arrived at by counsel by no means follows from the premises on which it is based. Besides this it is to be observed that the surviving partner is neither designated nor spoken of in any section of the administration law as an administrator, but always and invariably as surviving partner and if he brings suit to recover a debt of the firm he cannot sue as administrator but must sue as surviving partner, and if he be sued it must be as survivor and not as administrator. No letters of administration are required to be issued to him as the basis of his authority to manage the partnership property. The common law vests in him the authority to act, and his duty to act arises out of the relation which, as a partner, he sustains to the partnership property. An administrator under our statute is one who derives his authority from letters of administration granted to him by the probate court and he only becomes such when such letters are granted and issued to him. The words "administer"

and "administration" as applied in the statute to a surviving partner are used as generic terms to avoid circumlocution, and the word "administration" is used in the administration law when referring to a surviving partner, interchangeably with, and as meaning the same as management. Section 101, Wagner Statutes, page 120, affords an illustration of this, where it is said "all surviving partners who undertake the 'management' of partnership estates as provided by this law." We are of the opinion that the statutory provisions requiring a surviving partner to give bond, inventory and appraise the partnership property, and make annual settlements were not designed to confer upon him the right, nor impose upon him the duty of winding up the partnership, but were intended to secure an honest exercise of the right, and a faithful performance of the duty, thus affording an additional guarantee that the estate of the deceased partner would get what might be justly due it, after the payment of partnership debts.

"The bond is but a pledge for the security of that portion of the effects belonging to his deceased partner's estate committed to his charge." *Green's Adm'r v. Virden*, 22 Mo. 506. He is bound by the terms of his bond to use due diligence and fidelity in settling the partnership affairs, render an annual account, apply the assets to the payment of firm debts, and within two years to wind up its affairs (unless the time is extended by the court), and if there be an excess after satisfying all partnership demands and costs and expenses, to pay to the administrator of the deceased partner the proportion of excess due the estate. All of these things, except making annual settlements in the probate court and winding up the partnership in two years, he was required to do at common law, and these two things were required of him in order to bring about a speedy settlement and as a guarantee for the faithful performance of his common law duties. He does not give the bond as administrator, but as surviving partner, and he is so nominated in the bond.

The various sections of the statute relating to partnership estates were not intended to take from the surviving partner his common law right and duty to wind up the partnership, except in a case where he fails to give the statutory bond within thirty days after grant of letters of administration on the estate of the deceased partner, and in a case where, after such failure, the administrator of the deceased partner gives an additional bond, conditioned that he will faithfully administer the partnership effects, etc. It is only in such a case as the above that the surviving party can be ousted of his control of the partnership assets and deprived of his right to close up the partnership business. The above view has been taken of our statute in the following cases: *Green's Administrator v. Virden*, 22 Mo. 506; *Bredow v. Mutual Savings Institution*, 28 Mo. 181; *Crow et al. v. Weidner*, 36 Mo. 413. In the case last cited it was observed in speaking of the statute under consideration, "that under this act the powers of a surviving partner, in closing up the affairs of the partnership, are not changed or restricted otherwise than he is required to give bond and security that he will use due diligence and fidelity, and pay over the excess of funds that remains in his hands after satisfying the partnership debts and costs of his administration."

It is, also, claimed by counsel for respondent, that section 66, 1 Wag. Stat., p. 81, and section 10, 1 Wag. Stat., p. 120, warrant the inference that section 9, 1 Wag. Stat., 108, which fixed the compensation of administrators and executors, was intended to apply to a surviving partner who closes up the partnership. Said sections 66 and 10 are as follows: "The administration upon the partnership effects shall, except as otherwise provided in the last preceding sections, relating to administrations upon partnership effects, conform, so far as the other provisions of this chapter may be applicable, to administrations in ordinary cases; and the person administering upon the partnership effects and his securities in his official bond, shall perform the same duties,

be governed by the same limitations and restrictions, and be subject to the same penalties as other administrators and their securities." Section 10. "All surviving partners who undertake the management of partnership estates as provided by this law, and their sureties, shall have the same powers as are conferred upon, and be subject to the same duties, penalties, provisions and proceedings as are enjoined upon or authorized against executors and administrators and their securities, by law so far as the same are applicable." While under these sections such survivor might be subjected to citation to appear and make settlements, and required to do many other things which would be binding on him and his securities, we know of no rule of construction broad enough to justify us in concluding that the above provisions, which indicate nothing more than a clear intention on the part of the general assembly to subject the surviving partner and his sureties to the performance of the same duties as are enjoined upon, and subject them to the same penalties, provisions and proceedings as are authorized against an administrator, so far as applicable, were designed to confer a right not expressed upon such survivor to compensation for services, in the way of commission or otherwise. Had such been the design, it could have been easily expressed by adding, "and such surviving partner shall be entitled to the same commissions as administrators and executors." This the legislature has not done, either expressly or by necessary implication. When it is remembered, as was said by Judge Scott in the case of *Green's Adm'r v. Virden, supra,* "that the provisions requiring the surviving partner to give bond * * * is in derogation of the common law;" and when it is further remembered, as was said in the case of *State v. Clinton,* 67 Mo. 380, that such statutes are to receive such construction as not to allow the statute to infringe upon the rules or principles of the common law to any greater extent than is plainly expressed, we must decline to place the construction upon the statute which respondent's counsel contend for.

There is, also, another rule of construction which forbids us from construing these statutory provisions so as to allow the five per cent. commission claimed. It is this : "The reason and intention of the lawgiver will control the strict letter of the law when the latter would lead to palpable injustice, contradiction and absurdity." 1 Kent's Com., p. 461-2. That the legislature intended that the estate of a deceased person should not be charged by way of compensation for the services and trouble of an administrator more than five per cent. commission, is clear beyond doubt or question, for the law in express terms so declares. Under the construction contended for, the estate of a deceased partner, so far as his estate might be interested in partnership assets, would be subjected to a commission of ten per cent. instead of five, thus defeating express legislative intent, and leading to palpable injustice and contradiction. By way of illustration take the case of A and B, who are equal partners, with partnership assets amounting to $100,000, and partnership debts and liabilities amounting to $5,000 ; B dies ; C administers on his individual estate, and A as surviving partner, gives the statutory bond, pays off the $5,000 of liabilities and in his first annual settlement shows to the court that the $5,000 of partnership debts have all been paid, leaving in his hands, after he takes credit of five per cent. commission on the $100,000 of partnership assets, a balance of $90,000, half of which belongs to the estate of B ; and thereupon the court orders him to pay over to C, the administrator of B, $45,-000, to be by him administered according to law. C receives the amount, which then for the first time becomes liable either to the payment of B's individual debts or subject to distribution if not needed to pay debts, charges himself with it, becomes responsible under his bond for its proper disbursement, pays the debts of the estate or distributes it, as the exigencies of the estate or the orders of the court may require, and when he makes his settlement takes a credit of five per cent. commission on the

$45,000 administered and disbursed by him, to which he would clearly be entitled under the law. It will, from this illustration, be seen that the estate of B would be subjected to the payment of $4,750 by way of commission on the $45,000, which would be more than ten per cent, on the amount of personal property, when five per cent., or $2,250, would be the utmost farthing to which it could be subjected under the statute.

The case of *Hawkins v. Cunningham*, 67 Mo. 415, to which we have been cited, so far trom being antagonistic to the views above expressed, is in harmony with them. It was simply held in that case that an administrator, *pendente lite*, was not embraced within the provisions of the statute allowing five per cent. commissions to executors and administrators, and that he was only entitled to commission on the amount disbursed by him during the pendency of the suit in paying debts of the estate. For the reasons above given we must return a negative answer to the first question propounded by this record.

The second question is : Ought the surviving partner to be charged with interest on the assets of the partnership in his hands while winding up the business of the firm ? To this question we must, also, return a negative answer, for the reason that it neither appears that there was unnecessary delay in closing up the business of the firm nor that the money of the partnership was used by the surviving partner in his business, nor that he made profit out of it. *Madden v. Madden*, 27 Mo. 544; *Williams v. Petticrew*, 62 Mo. 460; *Scott v. Crews*, 72 Mo. 261.

The judgment of the circuit court, for the reasons herein given, will be reversed and the cause remanded in order that the final settlement be made to conform to this opinion. All concur.