In the Matter of THE PARTNERSHIP ESTATE OF D. G. TUTT & Co.; D. G. TUTT, Appellant, v. R. G WILLIAMS, Executor of WILLIAM S. REED, Deceased, Respondent.

St. Louis Court of Appeals, October 28, 1890.

**Administration:** COMMISSIONS ON PARTNERSHIP ESTATE. The commissions of an administrator are governed by the law operative at the time of the rendition of his services, and not by a law passed after that time but in force when he renders his final settlement.

*Held,* accordingly, that the law of 1885, allowing a commission of three per cent. to a surviving partner administering upon the partnership estate, was not applicable to the case at bar, wherein the final settlement by the surviving partner as administrator was filed, and his services as administrator were accordingly performed, before said law took effect.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*W. C. Marshall,* for appellant.

(1) The view that trustees are entitled to compensation has received the sanction of the courts and the legislatures of nearly all the states, and trustees are now entitled to compensation for their time and trouble. Perry on Trusts [3 Ed.] sec. 917; 2 American Law of Admr's, sec. 524, p. 1160. (2) Amendatory acts are sometimes viewed in the light of legislative interpretations and respected by the court as such. *State v. Dill,* 60 Mo. 433. (3) Statutes must be considered in reference to the subject-matter, and the objects which prompt and induce their enactment, and the mischief they were intended to remedy. *Neenan v. Smith,* 50 Mo. 525; *Spitler v. Young,* 63 Mo. 42; *State v. Diveling,* 66 Mo. 375.

*Seddon & Blair,* for respondent.

There is really but one question for the determination of this court in this case. Is D. G. Tutt, the surviving partner of the firm of D. G. Tutt & Co., entitled to any commission for his services in administering the partnership estate? We contend that inasmuch as during the time the surviving partner was rendering the services for which he now claims compensation, the law, as a matter of public policy, forbade him to charge commissions, and inasmuch as that law was not changed

In re Estate of D. G. Tutt & Co.

by the legislature until the act of 1885, which was passed long after the services were rendered, and after the final settlement of the estate was filed in the probate court, he cannot now claim compensation. To hold otherwise would be to give a retrospective operation to the act of 1885. *Gregory v. Menefee*, 83 Mo. 413; *State v. Auditor*, 33 Mo. 290.

THOMPSON, J.—On the twelfth day of June, 1885, Dent G. Tutt exhibited in the probate court of the city of St. Louis his final settlement as surviving partner of the late firm of D. G. Tutt & Co. In that settlement he took credit for a commission of three per cent. on all moneys, which had come into his hands in the course of the administration. The probate court disallowed this credit. On appeal to the circuit court, it was likewise disallowed ; and he now appeals to this court.

In 1884 the supreme court decided, in the case of · *Gregory v. Menefee*, 83 Mo. 413, that a surviving partner is not entitled to compensation for his services in administering upon the partnership estate. The legislature, at its next session, namely, on the seventh of March, 1885, passed an act changing this rule, by amending section 229 of the Revised Statutes of 1879, by inserting in it this provision :

"That a surviving partner or partners in administering upon the effects of the copartnership shall be allowed a commission of three per cent. on the interest of the deceased partner for like services and trouble." Laws of 1885, p. 25. This statute had no emergency clause, and it, therefore, took effect on the twenty-third day of June, 1885, ninety days after the adjournment of the session of the legislature at which it was enacted. Const., art. 4, sec. 36.

It is perceived that the statute did not take effect until *after* the final settlement of the surviving partner had been filed. All the services in respect of which he claims commissions must, therefore, have been rendered

*before* its passage. It is not by its terms retrospective; and statutes are not construed as being retrospective, unless such is the plain intent of the legislature. It is an obvious suggestion of reason that the right of compensation for services, if any exists, is governed by the law in force *at the time when the services were rendered.* But the soundness of this conclusion is also shown by the decision of the supreme court in *State ex rel. v. Auditor*, 33 Mo. 287, where it was held that the right of a public officer to compensation for services accrued according to the law in force at the time when the services were rendered, and became a vested right in such a sense that the legislature could not afterwards take it away. We can understand no principle upon which such a right can be governed by the law which happens to be in force at the time when the probate court happens to take up the final account of the surviving partner for examination. If such were the rule, a *repeal* of the law giving such commissions would cut off the right to them, although the repealing statute had been enacted after the services were rendered, which, as already stated, our supreme court has held cannot be done.

This case is, therefore, plainly governed by the rule in *Gregory v. Menefee, supra;* the surviving partner was not entitled to the commissions claimed, and the judgment of the circuit court will accordingly be affirmed. It is so ordered. All the judges concur.