CARRIE I. ROBERTS, Administratrix, Etc., Appellant, v. R. J. HENDRICKSON, Administrator, Etc., Respondent.

Kansas City Court of Appeals, May 16, 1898.

1. Referees: REPORT OF. The report of a referee in a law case is equivalent to a special verdict or to facts agreed.

2. Partnership: ADMINISTRATION: COMPENSATION: SURVIVING PARTNER: COMMON LAW: STATUTE. At common law the surviving partner is not entitled to compensation for settling a partnership estate unless so provided in the articles; under the statute his only compensation is three per cent on the deceased partner's interest.

3. ———: DEATH OF PARTNER: LIABILITY. The death of a partner dissolves the partnership and the surviving partner neither at common law nor under the statute has authority to continue the business, and if he does so it is at his own risk.

4. ———: TRUSTS AND TRUSTEES: SURVIVING PARTNER: WINDING UP THE PARTNERSHIP ESTATE. A surviving partner winding up a partnership estate is a trustee and can not embark the partnership assets in a commercial venture nor is he entitled to the expenses attending such venture in his settlement.

5. ———: ADMINISTRATION OF ESTATE: COMPENSATION. The surviving partner is not entitled to compensation beyond a statutory commission for managing the partnership business after the death of his partner.

*Appeal from the Sullivan Circuit Court.*—HON. W. W. RUCKER, Judge.

REVERSED AND REMANDED (*with directions*).

A. W. MULLINS, R. S. KATHAN and GEO. HALL & SON for appellant.

(1) The referee's finding and report were and are conclusive as to the facts. They are treated on an appeal as a special verdict and will not be disturbed if there is any evidence to establish the facts found. Benevolent Ass'n v. Kribben, 48 Mo. 37; Franz v. Deitrick, 49 Mo. 95; Ferry Co. v. R'y, 73 Mo. 389, 419; Lingenfelder v. Brewing Co., 103 Mo. 578, 589; Darling v. Potts, 118 Mo. 506, 530; Howard Co. v. Baker, 119 Mo. 397, 407; Vogt v. Butler, 105 Mo. 479, 485; Berthold v. O'Hara, 121 Mo. 88, 97; Gimbel v. Pignero, 62 Mo. 240, 242; Gamble v. Gibson, Ex'r, 83 Mo. 290. (2) While the referee's finding of the facts are conclusive, yet if his conclusions of law are erroneous, they may be set aside by the court and the law properly applied. Lingenfelder v. Brewing Co., 103 Mo. 578, 589. (3) At common law the surviving partner was not entitled to any compensation for setting up the partnership estate, unless so provided in the partnership agreement. Gregory v. Menefee, 83 Mo. 414, 416; Scudder v. Ames, 86 Mo. 466,

509; In re Estate of D. G. Tutt & Co., 41 Mo. App. 662; Brownell v. Steere, 128 Ill. 209; Maynard v. Richards, 166 Ill. 466; 57 Am. St. Rep. 145, 150; 17 Am. and Eng. Ency. of Law, 1183; Parsons on Partnership [4 Ed.], sec. 155, p. 200; Denver v. Roane, 99 U. S. 355–361. (4) Under the statutes he is only entitled to three per cent commission on deceased partner's share of the estate, which is in full for his services. R. S. 1889, sec. 222; Booker v. Armstrong, 93 Mo. 49; Jacob v. Jacob, 99 Mo. 427, 437; Gamble v. Gibson, 59 Mo. 585, 593. (5) The death of Dr. Roberts dissolved the partnership, and after his death the surviving partner had no right to continue the business, contract new debts or incur new liabilities, and he was not entitled to credit for the item of $1,390.41 for expenses in running the store. Edwards v. Thomas, 66 Mo. 468, 481; Bank v. Tracy, 77 Mo. 594, 599; Michael v. Locke, 80 Mo. 548, 552; Weise v. Moore, 22 Mo. App. 530, 534; Miller v. Hoffman, 26 Mo. App. 199, 203; 17 Am. and Eng. Ency. of Law, 1098, 1143, 1165, 1166; Parsons on Partnership [4 Ed.], secs. 342, 343; Richardson v. Palmer, 24 Mo. App. 480, 489. (6) The defendant, having continued the business after the death of the deceased partner without authority, was liable for all losses and must account for all profits. Bank v. Macy, 77 Mo. 594, 602; Michael v. Locke, 80 Mo. 548, 551; Garesche v. Priest 9 Mo. App. 270; Tarver v. Torrance, 12 Am. St. Rep. 311, and note; Gamble v. Gibson, Adm'r, 59 Mo. 585; Simmerman v. Fraley, 70 Md. 561; Beach on Trusts and Trustees, sec. 553; Merritt v. Merritt, 62 Mo. 150; Perry on Trusts, sec. 454. (7) The defendant was a trustee of an express trust. Beach on Trusts and Trustees, sec. 550; Powell v. Hurt, 108 Mo. 507; McGlothlin, Adm'r, v. Hemery, 44 Mo. 350.

HARBER & KNIGHT and J. P. BUTLER for respondent.

(1) Dr. Hendrickson could do nothing but run this store as he did. Any other course would, under the circumstances, have been ruinous to the estate and to himself, and under the admitted facts to have closed up the store or sold at forced sale would not have paid to exceed fifty cents on the dollar of indebtedness. Having acted as a prudent business man Dr. Hendrickson will, under the now prevailing rule, without any order of court, stand in the position of a trustee and will be governed by that measure of responsibility affecting trustees in the administration of their trusts. The estate can not reap all the benefits and refuse at the same time to bear the burdens of running the store, hence the items of $1,380.41 for expenses in running the store and $400 for services were properly allowed by the circuit court. Merritt v. Merritt, 62 Mo. 150; Powell v. Hurt, 108 Mo. 507, 513; State ex rel. v. Meagher, 44 Mo. 356; Clyce v. Anderson, 49 Mo. 37; Julian v. Abbott, 73 Mo. 580; Jacobs v. Jacobs, 99 Mo. 427; Booker v. Armstrong, 93 Mo. 49; Fridge v. Dunn, 51 Mo. 264; Gamble v. Gibson, 50 Mo. 585; Harvey v. Donohoe, 97 Mo. 141. The principle announced in the Merritt case is decisive of the case under review. The cases cited in the brief of opposing counsel are not applicable here. (2) A surviving partner, as administrator of a partnership estate, is not so restricted as an ordinary administrator. Hargadine v. Gibbons, 114 Mo. loc. cit. 566.

SMITH, P. J.—The defendant and G. M. Roberts had been associated as partners engaged in the retail drug business until the twenty-second day of May,

1892, when the latter died. The defendant, as surviving partner, gave bond and undertook the administration of the partnership estate. After the death of his partner he continued to carry on the partnership business for some eight months in the same manner that it had been carried on before that occurrence. He kept up the stock by making such purchases, from time to time, as were required by the necessities of his trade. During that period he incurred large expenses in carrying on the business. At the expiration of the eight months he sold out the stock, then remaining, in a lump. It does not appear that his proceeding had the sanction of the probate court or of the administratrix of the individual estate of the deceased partner.

STATEMENT.

In his first annual settlement he claimed and obtained credit for "$1,390.41 amount paid for running the store, and $575 for eleven and a half months services in the store, $50 per month." Later on when he presented his final settlement to the probate court the plaintiff, who is the widow of the deceased partner and administratrix of his estate, appeared and filed objections thereto which were overruled and the settlement approved. The plaintiff appealed to the circuit court where, by consent of parties, the case was sent to a referee. The evidence taken by the referee, together with his findings of fact and conclusions of law, was duly reported by him to the court. In respect to the two items in the defendant's annual settlement hereinbefore referred to, and to which the plaintiff made objection, the referee found that the defendant had paid out the amount of the one and performed the service for which the charge was made in the other, but found further, as a matter of law, that the defendant was not entitled to credit for either of such items.

The defendant duly filed his exceptions to the report of the referee, the fourth and fifth of which relate to the said two items of credit, disallowed by the referee, and were as follows: "4th. That the surviving partner and administrator, P. J. Hendrick-son, excepts to the report of the referee in disallowing the item of one thousand, three hundred eighty and 91-100 dollars, as shown by exhibit 'C' filed with settlement of said Hendrickson, which sum was for expenses necessarily incurred by said Hendrickson, in running the store after the death of said Roberts, and was so found by said referee and shown by the evidence to have been so incurred and paid out by said Hendrickson, which evidence is filed as aforesaid with said report. That the sum was necessary and legitimate expenses and are and were proper credits, that said administrator was and is justly entitled to credit for. 5th. Said Hendrickson excepts to the report of the said referee in refusing to allow the sum of four hundred dollars for services rendered by said administrator in running the store for eight months, said referee at the same time finding said services were reasonably worth said sum, and excepts to the refusal to allow said sum, or any other sum that said services were legitimate and proper credits, and should have been allowed by said referee."

The court affirmed the finding of and report of the referee in all things except as to the item of $1,381.41 paid out by the surviving partner in running the store, which was disallowed by him, and the item of $400 for services of the surviving partner in running the store which was disallowed by the referee, and disapproved and set aside such report as to those two items and allowed and gave the surviving partner credit for the amount thereof. After the usual unsuccessful motions the plaintiff appealed.

The report of the referee was equivalent to a special verdict, or to "facts agreed." The finding of fact made by him was for defendant and as to that there was no exception. The report of his findings of fact is not in question, but it is his conclusions of law—his recommendations to the court as to what judgment it should give on his findings of fact which are drawn in question by the appeal.

*REFEREES: report of.*

At common law the surviving partner was not entitled to any compensation for settling up the partnership estate, unless so provided in the partnership agreement. Gregory v. Menefee, 83 Mo. 414; Scudder v. Ames, 89 Mo. 496; In re Estate of Tutt & Co., 41 Mo. App. 662. But the statute in 1885 was so amended that a surviving partner in administering upon the effects of the copartnership should be allowed a commission of three per cent on the interest of the deceased partner for his services as full compensation for his services and trouble. Sess. Acts 1885, p. 25; R. S. 1889, sec. 222. It is disclosed by the referee's report that the defendant was allowed the statutory commissions for his services, but notwithstanding this the court allowed him the further sum of $1,381.41 for expenses incurred by him in carrying on the partnership business after the death of his partner.

*PARTNERSHIP: administration: compensation: surviving partner: common law: statute.*

The death of Roberts accomplished the dissolution of the partnership. After that event the defendant, as surviving partner, had no authority either at common law or under the statute to carry on the partnership business as if there had been no dissolution. His right to bind the partnership by contracting further obligations was at an end. His authority was limited to winding up the partnership business in conformity to the requirements

*——: death of partner: liability.*

of the statute relating to the administration of the estates of decedents. ' Bank v. Tracy, 77 Mo. 594; Weise v. Moore, 22 Mo. App. 530; Richardson v. Palmer, 24 Mo. App. 480; Miller v. Hoffman, 26 Mo. App. 199. If, therefore, a surviving partner elects to continue the partnership business he must do so on his own responsibility. He has the legal right to the possession and disposition of all the partnership effects for the purpose of paying the debts of the firm and distributing the residue to those entitled. He becomes, in equity, a trustee, and will be held liable as such for any conversion to his own use of the partnership property or funds in his hands; and if he continue the trade or business of the partnership with the partnership stock, it is at his own risk.     Woerner's Am. Law of Admr., sec. 124, and cases there cited; Schouler's Executors and Administrators, sec. 326; Croswell on Executors and Administrators, sec. 605. It does not appear that the partnership estate was benefited by the unwarranted authority exercised by the defendant in the administration thereof. On the contrary it appears that with partnership assets, the appraised value of which was nearly $8,000, the defendant, by his method of administration, succeeded only in discharging the partnership obligations amounting to about $4,100, leaving, according to his final settlement, but the sum of $151 for distribution.

' It has been held that where a trustee administers the trust fund in business of his own or others from which he expects to derive a benefit beyond the legal rates of interest, if he fails to receive any return or even when the principal itself is lost wholly or in part he must make the fund good with lawful interest at least, although if more than legal interest had been received he must have accounted for all that was

——: trusts and trustees: surviving partner: winding up the partnership estate.

received, either as interest or profit, thus making the trustee responsible for all losses, and at the same time, accountable for all gains upon the ground that he is a volunteer and shall therefore be held responsible to the utmost extent in order to discourage such breaches of trust.   An executor or administrator is regarded as a trustee and when he wrongfully uses the trust funds in his hands for his own purposes, or embarks them in enterprises distinct from the management of the estate, expecting to realize a personal profit, nothing can be more just than that the rule above announced. Merritt v. Merritt, 62 Mo. 150.   The defendant here wrongfully and without the semblance of legal authority embarked the entire assets of the partnership in the hazards of a commercial venture, and now seeks to charge the partnership estate with the expense of the same.   The rule requiring that an administrator or executor, acting prudently and in good faith for the best interest of the estate, shall be liable only for the want of the care and skill which prudent men exercise in the direction and management of their own affairs can have no application to a case like this.   If a surviving partner may thus misappropriate the partnership assets, and, if loss result, charge the same to the partnership estate what becomes of the rights and interests of the representative of the deceased partner.   Must the latter *nolens volens* share the expense of the risk voluntarily assumed by the survivor?

A surviving partner has no authority to bind the partnership assets by subjecting them to the risks incident to a continuance of the partnership business. Michael v. Locke, 80 Mo. 548; Bank v. Tracy, *ante;* Gamble v. Gibson, Adm'r, 59 Mo. 585.  We must therefore conclude that the said item of expense could

not on any ground have been allowed to the defendant as a credit in his settlement of the partnership estate.

And as to the other item of $400 disallowed by the referee but allowed by the court it will suffice to say that if it be regarded as a part of the expense of continuing the partnership business after the dissolution then it stands on the same footing as the other item hereinbefore referred to, and should, for like reasons, be disallowed; but if it is claimed that it should be allowed him as a further compensation for his services as administrator for winding up the partnership estate, then we do not think it can be allowed on that ground because the statute is the measure of his compensation for the discharge of his duties. The statute, as we have seen, goes so far as to allow him three per cent commission on personal property in full compensation for his services, and a claim beyond that is forbidden by the common law. Jacobs v. Jacobs, 99 Mo. 427; Booker v. Armstrong, 93 Mo. 49.

It is our conclusion that the defendant is not entitled to either of the credits allowed him by the circuit court, and, accordingly, we shall reverse the judgment and remand the cause with directions to approve the report of the referee in its entirety both as to his findings of fact and conclusions of law, and to give the proper judgment in accordance therewith. All concur.