## Nathaniel S. Greer vs. Amos Greer.

Where the plaintiff conveyed land to the defendant, worth seven hundred dollars, and the defendant made a parol agreement to pay a debt of forty dollars, due from the plaintiff to a third person, and to re-convey the same land to the plaintiff on his indemnifying the defendant for thus assuming to pay the debt; and where the plaintiff fully indemnified the defendant for the payment of the forty dollars; and the defendant again agreed, by parol, to re-convey the land, but afterwards refused to convey it to the plaintiff, and did convey it to another; it was held, that, although no action at law would lie on the agreement, it being void by the statute of frauds, yet, that, upon these facts, an action for money had and received might be maintained.

The action was assumpsit, wherein the plaintiff alleged, that the defendant became surety for him to the amount of $39,07, and that he conveyed to the defendant, for security and indemnity, his farm, worth $700; that he paid the debt for which the defendant was his surety; that the defendant afterwards conveyed the farm to a third person; that he requested the defendant to re-convey the land, and that he wholly refused to convey to the plaintiff, and conveyed the land to a third person. There was also a count for money had and received.

At the trial before Emery J. the plaintiff offered to prove, that, on April 6, 1830, the plaintiff conveyed his farm to the defendant, worth $700, in consideration that he would pay to *Norris* a debt of about $40, due from the plaintiff, it being then agreed, that if plaintiff should indemnify the defendant and save him harmless from the debt to *Norris*, that the defendant should re-convey the farm to the plaintiff; that in *July*, 1836, the parties met at the house of a magistrate for the purpose of making and executing a re-conveyance of the farm, they then agreeing that the plaintiff had fully repaid and indemnified the defendant for the *Norris* debt, and the defendant expressed his willingness to execute a deed to the plaintiff, and it being inconvenient at that time for the magistrate to prepare the deed, the parties separated; that afterwards, the defendant frequently admitted that he had been fully paid and indemnified for the *Norris* debt, and agreed to execute a deed of the land to the plaintiff, and to fulfil the agreement on his part;

that afterwards, *October* 17, 1836, the defendant conveyed the same farm, by deed of warranty, to one *Thomas*, who has since, by process at law, recovered seizin and possession thereof against the plaintiff; that in pursuance of the agreement, the magistrate wrote a deed from the defendant to the plaintiff, from the original deed left for that purpose ; and that the defendant came afterwards and took away the old deed, and said that the plaintiff had not behaved well, and he should not execute the new deed.   There was no written agreement between the parties.   The counsel for the defendant objected to the admission of this evidence or of any part thereof, on account of its not being in writing, and it was for this cause excluded by the Judge.   A nonsuit was then entered, by consent, which was to be set aside, if the testimony should have been admitted.

*J. Williamson*, for the plaintiff, contended : —

1. The plaintiff was entitled to recover back the amount paid on account of the *Norris* debt.   The defendant had in his hands property of far greater value than the amount for which he was liable, long before he was repaid by the plaintiff.   The defendant has rescinded the parol contract, and must refund the money paid under it by the plaintiff.   *Kidder* v. *Hunt*, 1 *Pick.* 328; *Sherburne* v. *Fuller*, 5 *Mass. R.* 133 ; *Gillet* v. *Maynard*, 5 *Johns. R.* 85 ; *Lane* v. *Shackford*, 5 *N. H. Rep.* 130 ; *Thompson* v. *Gould*, 20 *Pick.* 134.

2. The plaintiff is entitled to recover the amount for which the farm was sold by the defendant.   The defendant here practised a gross fraud upon the plaintiff, and equity would relieve against it.   The action for money had and received is an equitable action, and the plaintiff may recover the amount of money received from the property by the defendant by his fraudulent acts, and which, in equity and good conscience, belongs to the plaintiff.   *Boyd* v. *Stone*, 11 *Mass. R.* 342 ; *Bliss* v. *Thompson*, 4 *Mass. R.* 488; *Fowler* v. *Shearer*, 7 *Mass. R.* 14.

*W. G. Crosby*, for the defendant, cited and relied upon the following authorities.   *Boyd* v. *Stone*, 11 *Mass. R.* 342 ; *Flint* v. *Sheldon*, 13 *Mass. R.* 443 ; *Gilpatrick* v. *Sayward*, 5 *Greenl.* 465; *Hale* v. *Jewell*, 7 *Greenl.* 435.

The opinion of the Court was drawn up by

WESTON C. J. — The contract, upon which the plaintiff declares, is void by the statute of frauds. Where the party, who would avail himself of this statute, has himself been guilty of fraud, the party injured may often have a remedy in equity, and sometimes at law. There are cases where a court of equity would decree a specific performance, when the estate had not been previously conveyed to a *bona fide* purchaser, without notice. And when it has, a decree might pass against the fraudulent party, to make compensation in damages.

It has been said, that where a court of chancery would decree a specific performance, upon a parol contract for the sale of land, on the ground of fraud, damages might be recovered at law, based upon such fraud, in a proper action; but not assumpsit upon the contract. *Boyd v. Stone*, 11 *Mass.* 342. It is however, there stated, that " no instance can be found, in the reports of chancery cases, of a specific performance decreed, where the fraud consisted only of a breach of promise." The facts offered to be proved, present a case of great oppression. Whether any relief could be afforded in chancery, we are not called upon to determine. We are, however, quite clear, upon the authorities, that the plaintiff cannot maintain assumpsit, upon the express contract.

We are further of the opinion, that the plaintiff is entitled to reclaim what he has paid, since the conveyance of the land, upon an assumpsit implied by law. For the liability, undertaken by the defendant for the plaintiff, the latter put property into his hands, far transcending what was wanted for his indemnity. When the defendant, therefore, paid what he had assumed, retaining the property, and being thereby more than reimbursed, he had no further claim upon the plaintiff. The payment, subsequently made by him, was to re-purchase the estate upon the parol contract. It was upon this consideration alone, that the defendant could equitably receive or retain it. These parol contracts, although not legally, are morally binding, and payments made under them cannot be reclaimed, so long as the party receiving is in no fault. But if he repudiates the contract, a right of reclamation, upon the principles of equity and good conscience, accrues to the other party. Here the defendant has repudiated the contract, by depriving himself of

the power of fulfilment. *Richards* v. *Allen*, 17 *Maine R.* 296. Having a second time received of the plaintiff, what he had paid for him, he holds the sum last received for the use of the plaintiff; and to that extent, we are satisfied the action may be maintained, if the case stated can be made out in proof.

*Nonsuit set aside.*