HON. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
HON. PIERPOINT ISHAM, }

---

### ADDISON D. HAWLEY *v.* ELISHA MOODY.

Where the plaintiff contracted with the defendant for the lease of defendant's tavern house for one year, and delivered to defendant a gold watch in part payment for the rent, and the parties agreed to meet at a future day to make and execute a written lease, it was *held*, that this case falls within the statute of frauds.

It was also *held*, that the property in the watch passed to the defendant, and might have been sold by him, or legally attached upon his debts.

And if the party repudiating the future performance of the contract, has himself received advances, which he declines to pay for in the mode stipulated, it is regarded as equitable that *he* should refund in the usual mode, for money had, and for goods sold, and it is not in his power, without the consent of the other party, to revest the title of the specific things received.

And it was *held*, that this recovery may be had under the general counts.

This was an action of

ASSUMPSIT. Plea, the general issue, and trial by the court.

On trial, the plaintiff gave evidence tending to prove, that on the 11th day of July, 1851, he contracted with the defendant, for a lease of the defendant's tavern stand in Waterbury, (called the Waterbury House,) for one year from and after the first day of September, 1851, for six hundred dollars; and paid the defendant at the time one hundred dollars, in a gold watch, which defendant received as a payment of one hundred dollars towards the rent. And it was further stipulated at the time, that the parties should meet at Mr. Dillingham's office as soon as he returned home, (he being absent that day,) and execute a written lease. The contract was all in *parol*. The plaintiff called upon the defendant for the lease, and the defendant soon after, on the same day, tendered the watch back to the plaintiff, which the plaintiff refused to receive, and the watch was afterwards attached by one of the plaintiff's creditors, and sold on execution against the plaintiff.

The defendant, on the 14th day of July, 1851, leased the same premises to one Howard for one year, and declined to lease them to the plaintiff. The plaintiff tendered to the defendant, on the first day of September, 1851, five hundred dollars in specie, and demanded a lease of the premises, according to the contract, which defendant declined.

The county court, March term, in Washington county, 1852, POLAND, J., presiding,— adjudged that plaintiff could not recover, and rendered judgment for defendant. Exceptions by plaintiff.

*T. P. Redfield* for plaintiff.

1. A parol lease, for one year only, is not within the statute of frauds. Comp. Stat. 384 § 7.

2. The payment of a part of the rent, in advance, was a *part performance* and takes the case out of the statute. Stev. N. P. 2 Vol. 1955.

3. But if an agreement to rent the premises for one year be within the statute, an agreement to meet the plaintiff at Mr. Dillingham's office, and there execute a valid lease, is not within the statute. *Squire* v. *Whipple*, 1 Vt. 69.

4. The defendant having leased the premises to another, and

refused to perform the contract is liable to refund the consideration paid. Chitty on Con. 307–8. *Kidder* v. *Hunt*, 18 Mass. 328. *Sherburne* v. *Fuller*, 5 Mass. 133. *Lane* v. *Shackford*, 5 N. H. 130. *Shaw* v. *Shaw*, 6 Vt. 69.

*Peck & Colby* and *Dillingham* for defendant.

1. The subject matter of the agreement partakes of the *realty and creates an interest therein*. Any agreement, creating an exclusive right to land for a limited time, is within the statute of frauds, (4th Sec.) and void. Comp. Stat. Chap. 64. 6 East 612. *Hall* v. *Chaffee*, 13 Vt. 150. *Hibbard et ux.* v. *Whitney*, 13 Vt. 21.

Part performance will never enable a party to sustain an action at law. 13 Vt. 21.

2. *Ind. assumpsit* will not lie for the consideration paid, without a previous offer to *rescind* and a demand of the sum paid. *Warner* v. *Wheeler*, 1 D. Chip. 159. In no case will a contract be rescinded *in toto* unless both parties be placed in the identical situation which they occupied, this the defendant offered to do by returning the property received, and the plaintiff *refused to rescind*. He is not precluded from recovering the value when at the same time he sets up the contract as in force. Chitty on Con. 741–2 and notes.

The opinion of the court was delivered by

REDFIELD, J. 1. The statute of frauds in this State, contains no exception of leases, or contracts for leases *in futuro*, as is found in the English statute, and in some of the other States. This case falls, therefore, within the statute.

2. Part performance has not been regarded as any ground of relief at law; and it has not been considered that part payment merely amounted to such part performance, as to entitle the party to enforce the contract in equity even, or not generally.

3. The only question then is in regard to the part payment. It seems to be well settled, that the party repudiating the contract cannot recover for part payment under it ever, but that the other party may. *Shaw* v. *Shaw*, 6 Vt. 69.

To this extent, the counsel seem to understand the law alike, and that would settle the rights of the parties sufficiently, were it not that they seem to stand upon ceremony as to the mode, wheth-

er the party making the payment in a specific thing, is bound to take back the same thing, when the contract is repudiated by the other party.

There can be no doubt the property passed by the sale and delivery to the defendant, the only question is, as to the effect of defendant's refusal to fulfil the contract. If the contract could be regarded as originally void, like a Sunday contract, then no property would pass, until a reaffirmance on some other day.

But here the contract is not void, as was expressly held by this court in *Philbrook* v. *Belknap,* 6 Vt. 383.

It has always been so held, whenever the question has arisen, notwithstanding the elementary writers, in a loose way, often speak of this class of contracts as void, meaning thereby, contracts upon which no action will lie. That is all the statute provides, " That no suit in law or equity shall be maintained upon them." But to all intents they are contracts, and perfectly valid for all purposes except actions, so long as they are acted under. There can be no doubt the property in this watch passed to defendant, and might have been sold by him, or legally attached upon his debts.

4. The only remaining inquiry then, is as to the effect upon the title of the watch, of defendant's refusal to complete the contract. If this were to be regarded like the case where one is induced to purchase property, by fraudulent representations, and where, upon the discovery of such facts, he elects to rescind the contract, as he may, then the property would revest. But here is no fraud in the contract, neither is it the object of the statute to attach to this class of contracts any mark of reproach.

The contract is innocent enough, if each party chooses to trust to the honor of the other party as to its performance. If that were not so, one could not recover for payments made under it. The contract is not void, or affected with any taint or turpitude, nor is it rescindable at the election of either party.

Either party, if he choose, may repudiate it, but that only operates upon so much of the contract as remains executory at the time, and does not repeal any thing done under it. For these purposes it remains in full force. And the party repudiating must be content to lose what he has done under it, as the contract remaining in force, the other party may defend under it.

But if the party repudiating the future performance has himself received advances which he declines to pay for in the mode

Hawley v. Moody.

stipulated, it is regarded as equitable that *he* should refund in the usual mode for money had and for goods sold, and it is not in his power without the consent of the other party, to revest the title of the specific things received.

This seems to us the only view consistent with general principles applicable to the subject, or with the decided cases, and manifestly just and equitable. If the party has bought goods which he declines to pay for in the mode stipulated, and which, but for his own act he might do, he ought and he must be content to pay in the usual mode of paying for goods sold and delivered, and this recovery may be had under the general counts. *Gray* v. *Hill*, 1 R. & M. 420. Chit. on Con. 305.

As the former cases upon this subject have adopted no principle at all analogous to allowing either party the power of recision of the contract, we feel reluctant to push ourselves upon an unexplored field, without some obvious and pressing necessity, in order to warp justice, which we think is not this case.

By the adoption of this new feature, even if it were more consonant with justice in the particular case, which we think it clearly is not, we should be fearful of ultimately encountering evils which are not apparent, at the moment. And there are some which we could easily foresee might arise. The specific things received in payment, might have been more or less put to use by the party receiving them, for which he ought to be accountable.

They might have been sold and transferred in different modes, and thus new rights and interests intervene. And if we adopt the principle of recision, we do not see, but in principle, it will cut off by the roots, all rights accrued under the contract before repudiation, which would certainly be unjust to the innocent party.

And as the repudiating party is always clearly in the wrong, it can be no hardship upon him, to pay in currency for what he has received in advance upon the contract.

If one party has the power of recision, then the other, and especially the innocent party, should have the power. The result of which must be, that however many times the property has changed hands, or under whatever circumstances the innocent party may pursue it and recover of the last proprietor, if not of each intervening one, which would often be attended with serious embarrassment and probable wrong.

Judgment reversed and case remanded for new trial.