GALWAY *et al.* v. SHIELDS, *Appellant.*

66 313
45a 110

66 313
69a 396

1.  **Statute of Frauds**: VERBAL CONTRACT FOR THE PURCHASE OF LAND : WHEN MONEY OR PROPERTY PAID THERE N CANNOT BE RECOVERED. No action can be maintained to recover back money or property, which has been paid upon a verbal contract for the purchase of land, if the vendor is willing to execute the contract on his part.

2.  **Case Adjudged.** In an action for the value of goods sold and delivered, no recovery can be had, if it appears that such goods were delivered pursuant to a verbal agreement that the price therefor was to be paid in specific land to be conveyed by the buyer to the seller, and the buyer has offered and is ready and willing to comply with his part of the agreement.

*Appeal from St. Louis Court of Appeals.*

This was an action for the value of goods sold and delivered by respondents to appellant. The goods were delivered in pursuance of a verbal contract, by which payment therefor was to be made in certain real estate in the city of St. Louis, at a specific valuation, to be conveyed to respondents by appellant. A proper deed of the real estate had been executed and tendered to respondents, but was by them refused. The cause was tried by one of the judges of the St. Louis circuit court without a jury, and judgment was rendered in favor of respondents for the value of the goods, in the sum of $4,253.85. This judgment was, on appeal, affirmed in general term and also by the St. Louis Court of Appeals.

*Gottschalk* for appellant.

1. Respondents sell merchandise to appellant, which is to be paid for in land; they then deliver the merchandise, and turn round and refuse to receive the land. Can they do this, and will the law tolerate such conduct? Sug. on Vend., (8th Am. Ed.,) Vol. 1 p. 231, note, Chap. 4, Sec. 7; *Lane v. Schackford*, 5 N. H. 130; *Shaw v. Shaw*, 6 Vt. 69; *Collier v. Coates*, 17 Barb. 471; *Dowdle v. Camp*, 12 Johns. 451; *Philbrook v. Belknap*, 6 Vt. 383; *Crane v.*

*Gough,* 4 Md. 333 ; *McDonald v. Lynch,* 59 Mo. 350 ; *Self v. Cordell,* 45 Mo. 345 ; *Kratz v. Stocke,* 42 Mo. 354.

*Finkelnburg & Rassieur* for respondents.

1.  Payment, even if in full discharge of the contract, will not justify equitable relief by the enforcement of spe-.cific performance of a parol contract for the purchase of land. Payment is not deemed such part performance of the contract as will take the case out of the statute of frauds. *Bean v. Valle,* 2 Mo. 139 ; *Chambers v. Lecompte,* 9 Mo. 569 ; *Johnson v. McGruder,* 15 Mo. 365 ; *Tibeau v. Tibeau,* 19 Mo. 78; *Despain v. Carter,* 21 Mo. 331 ; *White v. Watkins* 23 Mo. 423, 428 ; *Charpiot v. Sigerson,* 25 Mo. 63 ; *Dickerson v. Chrisman,* 28 Mo. 134; *Young v. Montgomery,* 28 Mo. 604; *Price v. Hart,* 29 Mo. 171; *Tatum v. Brookes,* 51 Mo. 148; *Bowles v. Wathan,* 54 Mo. 262; *Ells v. Pacific R. R.,* 51 Mo. 204.

HOUGH, J.—The only question presented by the record in this case is, whether a person who has paid money or property, upon a verbal contract for the purchase of lands, can maintain an action to recover back the money or the value of the property so paid, although the vendor of the land, to whom the money or property has been paid, is willing to execute the contract on his part.

This question was decided by the Court of Appeals in the affirmative. We do not controvert the doctrine on which that court founded its opinion, that the payment of the purchase money is not such part performance as will take a verbal contract for the sale of lands out of the scope of the statute of frauds; that rule is now thoroughly established. But the relations of the parties in the case at bar are not such as to warrant the invocation of that rule. It will readily be conceded, that if the plaintiffs here were seeking to enforce the parol contract against the defendant, the mere fact that he had paid the purchase money, would not entitle him to a decree for specific performance;

and we do not understand the authorities cited by the learned judge who delivered the opinion of the Court of Appeals to go further than this. . In cases like the present, however, a different rule prevails.

In *Coughlin v. Knowles*, 7 Met. (Mass.,) 57, it was held that " an oral contract for the sale of land is not utterly void ; and therefore a party who advances money on such contract, cannot recover it back, if the other party is able and willing to fulfill the contract on his part." This decision was affirmed in *Wetherbee v. Potter*, 99 Mass. 361. In *Sims v. Hutchins*, 8 Smeedes & Mar. 331, Chief Justice Sharkey said : " That the contract was not in writing may be good ground of defense, when specific performance of the contract is sought against the vendor, for whose benefit the statute was passed ; but if the vendor is willing to perform, the price paid cannot be recovered back." To the same effect are *Shaw v. Shaw*, 6 Vt. 69 ; *Philbrook v. Belknap*, ib. 383, and *Hawley v. Moody*, 24 Vt. 605.

In *Lane v. Shackford*, 5 N. H. 130, the opinion of the court on this subject was expressed in the following strong and emphatic language : " If one man contracts with another to perform labor, and receive as a compensation the conveyance of a particular tract of land, although the .contract to convey the land is not a proper foundation for an action, yet still common honesty and fair dealing require that he shall not be at liberty to refuse the land and demand money, until the other party has refused to execute the contract." *Richards v. Allen*, 17 Maine 296, and *Bedinger v. Whittemore*, 2 J. J. Marshall 563, announce the same doctrine in the most explicit terms.

In *Collier v. Coales*, 17 Barb. 473, Johnson, J., after citing a number of cases in support of the foregoing rule said: " I doubt whether any well considered case can be found in the courts of this country, where the rule above laid down has been denied or even doubted."

Browne in his treatise on the Statute of Frauds, (Ed. 1870,) § 122, says: " The right in the vendee of land by

verbal contract, to recover what money or other consideration he has paid, is clearly confined to those cases where the vendor has refused or become unable to carry out the contract, the plaintiff himself having faithfully performed or offered to perform on his part."

In the case of *McDonald v. Lynch*, 59 Mo. 350, it appeared that the plaintiff and the defendant agreed upon a sale and purchase of a lot in the city of St. Louis, at a price named, and plaintiff paid the defendant $50 to bind the bargain. The parties differed as to what the contract was, as to a certain incumbrance on the land, and the plaintiff brought suit for the $50 paid by him.

NAPTON, J., delivering the opinion of the court, said: "There is no doubt, that notwithstanding the Statute of Frauds, if the defendant offered to comply with the parol contract, the plaintiff had no right to recover the $50 advanced."

In view of the foregoing authorities we cannot concur in the opinion of the Court of Appeals, and its judgment, and that of the circuit court will, therefore, be reversed and the cause remanded. The other judges concur, except SHERWOOD, C. J., absent.

REVERSED