HENRY A. COLLIER, Plaintiff in Error, *v.* JOSEPH H. CAIRNS, Defendant in Error.

### October 29, 1878.

The Probate Court has nothing to do with the allowance of a demand against a partnership estate until the surviving partner, who administers, has refused to pay it, or has required it to be exhibited for allowance to the court; and where certain creditors present such claims in the Probate Court, and have them allowed and classified before the surviving partner has taken any action with reference to them, he cannot be compelled to pay them *pro rata*, but may pay any of them in full, though he thereby exhausts the assets.

ERROR to St. Louis Circuit Court.

*Affirmed.*

C. H. CHAPIN and J. H. WIETING, for plaintiff in error: The Probate Court has the same jurisdiction of demands allowed and classified by the court as it has of those against estates of individuals. — *McCartney* v. *Garneau,* 4 Mo. App. 566; *Bruening* v. *Oberschelp,* 42 Mo. 276.

P. DONAHUE, for defendant in error: Under the statute, the surviving partner administering may still prefer any creditor. — *Green's Admr.* v. *Virden,* 22 Mo. 506; *Crow* v. *Weidner,* 36 Mo. 412; *Loeschigk* v. *Hatfield,* 5 Robt. 26; *Loeschigk* v. *Hatfield,* 51 N. Y. 660; *Egbert* v. *Woods,* 3 Paige Ch. 517; *Nelson* v. *Neagun,* 66 Ill. 487; *Offutt* v. *Scott,* 12 Am. L. Reg. (N. S.) 575. The presenting of a claim against the estate to the surviving partner for payment operates, in law, as a classification of the claim, and the Probate Court has no authority to allow a claim against the partnership estate until the surviving partner first refuses to pay it. — *Denny* v. *Turner,* 2 Mo. App. 52; *The State* v. *Woods,* 36 Mo. 73.

BAKEWELL, J., delivered the opinion of the court.

Archer and Cairns were copartners. On the death of Archer, Cairns administered on the partnership estate. Demands were proved and placed in the first class to the amount of $66,104.29, and in the second class to the amount of $5,941.45. There were demands not proved to the amount of $10,000. The first annual settlement showed nominal partnership assets to the amount of $65,554; and the partnership estate was insolvent.

The plaintiffs Reese, Graff, and Woods held claims against the estate to the amount of $14,273.50, which were presented to the surviving partner, who failed to pay any part of them. These claims were then presented and allowed in the Probate Court, and placed in the first class.

James Archer, E. E. Archer, and Alexander Glassy also

exhibited in the Probate Court claims against the partnership estate. The respective amounts of these claims were $27.901, $3,448, and $927. The claims were allowed, and placed in the first class. These claims were exhibited in the Probate Court before any refusal on the part of the surviving partner to pay them.

The surviving partner paid the Archers and Glassy on account of these claims over $26,229. In making this payment he exhausted the assets of the estate. He paid nothing on account of any other allowed demands. These payments were made without any order from the Probate Court. A large amount was also paid to creditors whose claims were not proved and classified. Neither the plaintiffs, nor any other claimants in the first class, except the three named, have received any thing on their allowed demands.

Plaintiffs moved in the Probate Court for an order on the surviving partner to distribute the sum of $26,229, paid to first-class creditors as aforesaid, *pro rata* amongst all the creditors of that class. The motion was sustained; and plaintiffs appealed to the Circuit Court, where judgment was given for the surviving partner. The cause is brought here by writ of error.

That a surviving partner administering upon the effects of the partnership is not required to pay the claims presented to him *pro rata*, and that he may pay in full such of the claims then presented as he sees fit, is well settled. *Crow* v. *Weidner*, 36 Mo. 412 ; *Denny* v. *Turner*, 2 Mo. App. 53. It is, however, contended that as to claims duly probated against the partnership estate he is bound by the classification, and must pay such claims *pro rata* according to their class.

This question is not, however, presented by the record. The surviving partner confessedly has the right to prefer creditors, and to pay this man in full and leave the other wholly unpaid, if the assets are not sufficient to discharge

the debts. All the demands paid by the surviving partner, and not probated, must be allowed by the Probate Court on settlement, if it is then satisfied of the justness of the demands. A demand cannot be classified in the Probate Court until it is proved there; and the Probate Court has nothing to do with the allowance of the demand against a partnership estate until the surviving partner has refused to pay it, or has required it to be exhibited for allowance to the court. Wag. Stats. 80, sect. 63. Any other rule would be an interference with the right of the surviving partner to do as he will with his own. He might be compelled, as to a particular creditor whom he desired to pay in full out of the partnership estate, by the voluntary action of the creditor, to pay him only in part out of the partnership assets, thus leaving an obligation unsatisfied which the surviving partner might have special reasons for wishing to discharge. The language of the law is plain. Wag. Stats. 80, sect. 63. The surviving partner may pay off any demand without requiring it to be exhibited; and no voluntary action of the creditor in proving his demand can deprive the partner of this right. The surviving partner is presumed to own half the assets. If his control over his own property, and his common-law right to pay his debts when he will and in such order as he chooses, is to be taken away, it must be by a plain enactment. *Green's Administrator* v. *Virden*, 22 Mo. 506. But there is nothing in the statute of administration which takes away this right.

Whether claims against the partnership estate which the law requires to be proved must be paid *pro rata* according to their class, is a question upon which we are not now required to pass. That claims cannot be classed in the Probate Court until the surviving partner has refused to pay them, or has required them to be exhibited, seems to be clear; and as these claims were presented in the Probate Court

before the surviving partner had taken any action upon them, he cannot be compelled to pay them *pro rata*.

The judgment of the Circuit Court is affirmed. All the judges concur.