James H. Parker et al., Appellants, v. Gustavus A. Niggeman, Respondent.

February 25, 1879.

1. An action will lie for breach of a contract whose subject-matter relates partly to an agreement within the Statute of Frauds but is partly distinct therefrom.

2. Where an oral contract for the sale of lands has been partly executed on the one side, the other party cannot avoid responsibility for so much of the contract as has been executed.

Appeal from St. Louis Circuit Court.

*Reversed and remanded.*

Hitchcock, Lubke & Player, for appellants: When work has been done and money laid out under an agreement within the Statute of Frauds, a repudiation of the agreement does not prevent a recovery on the basis of what has been done. — *Kidder* v. *Hunt*, 1 Pick. 328; *Seymour* v. *Bennet*, 14 Mass. 266; *Greer* v. *Greer*, 18 Me. 16; *Lockwood* v. *Barnes*, 3 Hill, 128; *Gray* v. *Gray*, 2 J. J. Marsh. 21; *Allen* v. *Booker*, 2 Stew. 21; *Keath* v. *Patton*, 2 Stew. 38; *Lucy* v. *Bundy*, 9 N. H. 298; *Basford* v. *Pearson*, 9 Allen, 387; *Hawley* v. *Moody*, 24 Vt. 603; *Galway* v. *Shields*, 66 Mo. 313; id., 1 Mo. App. 546; Brown. on Stat. Fr., sect. 118.

Given Campbell, for respondent: A parol contract for the purchase of land is within the express provisions of the Statute of Frauds, and no action can be maintained simply upon the contract itself, to enforce it, or for damages, or for a rescission. — *Culligan* v. *Weingertor*, 57 Mo. 242;

*Miltenberger* v. *Morrison*, 39 Mo. 77, 78 ; *Bryan* v. *Jameson*, 7 Mo. 106.

HAYDEN, J., delivered the opinion of the court.

The question here involved is whether the demurrer to the petition was properly sustained. The substance of it is, that the plaintiffs were owners in fee of a lot of ground, upon which were encumbrances created by two deeds of trust which also covered the lot next west ; that the defendant told plaintiffs that if they would induce the holder of the encumbrances to surrender the same, and in lieu thereof take two deeds of trust, each for one-half of the amount of the first deed, the one to cover the plaintiffs' east lot only, the other to cover the lot next west alone, he (the defendant) would assume the deed of trust upon the plaintiffs' east lot, and would also pay to the plaintiffs for their east lot $3,100 in cash, and $50 towards the expense of effecting the change of encumbrances ; that on the faith of these representations and such request, the plaintiffs effected the change, and paid $150 therefor ; that upon demand made and deed in fee-simple tendered, the defendant refused either to execute the encumbrance as agreed, or pay the money for the land or expenses. The petition alleges that the defendant's representations were false and fraudulent ; that the plaintiffs were put to expense, loss of time, etc., and damages in the sum of $250.

Upon facts here pleaded, the law will raise a cause of action, and it was error to sustain the demurrer. The principal agreement may have been in writing ; and even if it was not, this is not a declaration upon that agreement. It is clear that no action for damages lies for non-performance of that agreement, if we suppose it to have been oral ; but the material question upon demurrer was whether facts were pleaded upon which the law would raise any action. Here, from the facts stated, the law will imply a promise which, though relating partly to the same subject-matter, is

a distinct promise from that agreement covered by the Statute of Frauds. Even an oral contract for the sale of lands is not a nullity, or, when partially executed, revocable at the will of either party, and it is, for certain purposes, of binding obligation. *Galway* v. *Shields*, 66 Mo. 313; *Hawley* v. *Moody*, 24 Vt. 606; *Basford* v. *Pearson*, 9 Allen, 387; *Gray* v. *Gray*, 2 J. J. Marsh. 21. The contract is non-enforceable if either party chooses to refuse to perform it; but this fact does not avail to do away with what has been done under the contract. If the vendor is willing to perform, the vendee cannot recover back the price paid. So if the party resisting performance has received benefit, or if the money has been paid or work done for him, his subsequent repudiation does not do away with these facts. A recovery may then be had upon the basis of what has been done. *Kidder* v. *Hunt*, 1 Pick. 331; *Lockwood* v. *Barnes*, 3 Hill, 128; *Greer* v. *Greer*, 18 Me. 16. So in England, where in *assumpsit* on a special agreement to assign to plaintiff a lease, in consideration of repairs done on the premises by the plaintiff, the defendant pleaded the Statute of Frauds, it was held that the law would imply a promise, not touched by the statute, to pay for the repairs, and that plaintiff could recover on the common counts. *Gray* v. *Hill*, 1 Ry. & M. 420. This does not depend upon the ground of fraud or imposition, but simply upon the breach of an implied promise, as the cases just cited show. See also *Hawley* v. *Moody*, *supra*.

The judgment is reversed and the cause remanded. Judge BAKEWELL concurs; Judge LEWIS is absent.