A. KIBLER, Respondent, v. SARAH A. BARKER, Appellant.

St. Louis Court of Appeals, May 5, 1891.

Practice, Appellate : NON-PREJUDICIAL ERROR : INSTRUCTIONS. The refusal of a proper instruction will not be ground for reversal of the judgment, if the cause was tried by the court sitting as a jury,

and the record affirmatively shows that the court considered the evidence upon which the instruction was predicated, and deemed such evidence insufficient to warrant a recovery; in that case the error is not prejudicial.

*Appeal from the Newton Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

*White & Clark,* for appellant.

*George Hubbert* and *E. R. Wheeler,* for respondent.

ROMBAUER, P. J.—The plaintiff upon a trial by the court without a jury recovered a judgment against defendant for $9 in a suit upon an open account. The error assigned by the defendant, who appeals, is the refusal of the following declaration of law asked by defendant: ''If the court sitting as a jury believe from the evidence that the defendant received the money and property mentioned in plaintiff's statement, in part payment of the purchase price of land purchased by plaintiff under a parol contract or agreement with defendant, and the defendant offered, and had been, and is, willing and ready, to perform and execute the contract on her part, the finding should be for the defendant.''

The bill of exceptions recites that the court refused to give this declaration, for the reason that there was not sufficient evidence to establish a contract for the sale of any specific land by defendant to plaintiff, or that the articles sued for were delivered by plaintiff to the defendant as payment on such contract.

The declaration of law asked by the defendant states a correct legal proposition (*Galway v. Shields,* 66 Mo. 313 ), nor is the fact, that it does so, denied by the plaintiff. It may also be conceded that the proper practice in all cases, where a cause is tried by the court

sitting as a jury, is not to deny a correct declaration of law, simply because the weight of the evidence is opposed to the hypothetical facts therein stated. It appears, however, in this case affirmatively from the record that the court did not withdraw from its own consideration the evidence on which this instruction purports to be based, but that it did consider it, and did not deem it sufficient to warrant the instruction. To hold that the defendant was prejudiced because *the court, as a court,* was of opinion that there was not evidence enough to base an instruction on, and yet *the court, as a jury,* might have deemed that evidence sufficient to warrant a recovery, would be the height of folly. Such a ruling could be justified only in a case where there was no conflict in the evidence, or where the evidence of the party complaining preponderated to such an extent that the appellate court, applying the law correctly to the facts thus appearing, could reverse the judgment upon the evidence.

In the case at bar there is not only a conflict of evidence, but, taking the most favorable view of the defendant's evidence, it is, to say the least, doubtful whether it furnishes sufficient data for the submission to the jury of her special defense which is outlined in her instruction. As we can reverse judgments for prejudicial errors only, it necessarily results that the judgment must be affirmed. All the judges concurring, it is so ordered.