FROST MANUFACTURING COMPANY, Appellant, v. SPRINGFIELD FOUNDRY & MACHINE COMPANY, Respondent.

St. Louis Court of Appeals, April 18, 1899.

**Warranty Deed**: CONDITIONAL CONVEYANCE OR MORTGAGE. In the case at bar the conditional clause of the deed contains the following language: "Now if the said note is paid at maturity, the said Heffernan is to reconvey said property to the grantor herein, otherwise he is to convey to the Frost Manufacturing Company in full payment of said debt." Held, that this language is inconsistent with the idea of a lien to pay the note, with the reserved right of redemption.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

HEFFERNAN & HEFFERNAN for appellant.

A conveyance intended as a security for the payment of a debt, however absolute in form, will be treated as a mort-

gage. Sharkey, Trustee, v. Sharkey, 47 Mo. 543; 62 Mo. 202; Copeland v. Yoakum, 38 Mo. 349; Cobb v. Day, 106 Mo. 278. When the facts of the transaction leave it questionable whether a mortgage or a conditional sale was intended, the doubt is to be resolved in favor of the mortgage. Turner v. Keer, 44 Mo. 429; Hargadine v. Henderson, 97 Mo. 375; Mfg. Co. v. Woodson, 130 Mo. 119; Schradski v. Albright, 93 Mo. 48; Cobb v. Day, 106 Mo. 295; Newell v. Keeler, 13 Mo. App. 191; Bender v. Zimmerman, 122 Mo. 124.

McLain Jones and C. W. Hamlin for appellee.

The appellant or plaintiff in error, must make it appear in the appellate court that the judgment is erroneous, as all presumptions are indulged in favor of the action of the lower court. Walter v. Cathcart, 18 Mo. 256. The parties must abide by the contract made, the courts can not make a contract for them. Mowing & Reaping Mach. Co. v. Bobbst, 56 Mo. App. 427. "If the parties intend that the conveyance shall extinguish the debt and vest the absolute title in the grantee, subject only to an agreement to reconvey upon specific terms, such a transfer is a conditional sale and not a mortgage." O'Neill v. Capelle, 62 Mo. 202; Bender v. Wawe, 137 Mo. App. 234; King v. Greves & Ruff, 42 Mo. App. 168; White v. University Land Co., 49 Mo. App. 450. Now the grantee in this case, the Frost Manufacturing Company, is bound in this case by the acceptance of the deed, they can not come into court and claim the benefits of a contract and eschew the burdens. They are bound by the acceptance of the deed just exactly the same as if they themselves had signed the deed. "The grantee is bound by the acceptance of the deed." 1 Jones on Mort., p. 752; Boone on Mort., pp. 124 and 125. Now this acceptance binds the grantee as effectually as he would be bound by executing the instrument himself. The authorities are well agreed upon the proposi-

tion that a deed pool when accepted by the grantee becomes the mutual obligation of the parties. Goodwin v. Gilbert, 9 Mass. 510. "The acceptance of a deed by the grantee named in it, made a written contract, and the obligations created by the deed are therefore express and are evidenced by a writing. The adjudged cases very fully sustain this doctrine. In one case it is said: "Nor is it material that this contract is not signed by the grantee. The acceptance of the deed makes it a contract in writing binding upon the grantee. Just as the acceptance of a lease in writing signed only by the lessor makes it a written contract, binding upon such lessee and suit can be instituted upon it as though it was signed by the grantee." Railroad v. Fisher, 24 N. E. Rep. (No. 9, July 18, 1890) 756.

BLAND, P. J.—In June, 1897, the plaintiff herein had pending in the Greene circuit court against the defendant herein, a suit on an open account for $421, which it was about to press to judgment. The attorneys of the parties, F. S. Heffernan, Esq., for plaintiff, and Thomas J. Delaney, Esq., for defendant, on June 8, 1897, by consent of their respective clients, got together and by the aid of McLain Jones, made an adjustment of the matter, by which plaintiff assigned its claim or account to Jones and took from the defendant its promissory note for $219.60, due in one year after date, and from Jones a check for $219.60 (afterwards cashed). Jones also executed and delivered to Heffernan in trust for the Frost Manufacturing Company (plaintiff) a general warranty deed to two lots in Smith's fourth addition to the city of Springfield, Missouri, for an expressed consideration of $219.60. The deed, after the granting clause, contains the following recital: "In trust for the following purposes, whereas the Springfield Foundry and Machine Company is indebted to the Frost Manufacturing Company of Galesburg, Ill.,

in the sum of two hundred and nineteen dollars and 60-100 dollars evidenced by a note given this day, 8 per cent; now if the said note is paid at maturity the said Heffernan is to reconvey said property to the grantor herein, otherwise he is to convey it to the Frost Manufacturing Company, in full payment of said debt, the said Jones is not responsible in any way for the payment of this note." After the assignment of the account to Jones, he took security from the Springfield Foundry and Machine Company for its payment. The note described in the Jones deed was not paid at maturity. Heffernan did not convey the lots to his client, nor did Jones or the Springfield company offer to pay the note and demand of Heffernan a conveyance back to Jones. Suit was brought on the note; Heffernan tendered a deed conveying the lots back to Jones, which he refused to accept. A trial was had before the court sitting as a jury. Judgment was given for defendant, from which plaintiff duly appealed.

The controverted questions in the case grow out of the deed from Jones to Heffernan. Heffernan testified that some material interlineations were written in the deed after he examined it (before acknowledgment), but he also testified that it was in its present condition when received and accepted by him for his client, but that he did INTERLINEATIONS not notice that an interlineation had been in deed. made. Jones testified that the deed was in the same condition that it was in when acknowledged by himself and wife and delivered to Heffernan. There is no plea of fraud here. Heffernan is an intelligent man, a lawyer, and he can not in this proceeding be heard to say that he was imposed on and did not get the contract he thought he was getting. Mateer v. Railway, 105 Mo. 320; Gwin v. Waggoner, 98 Mo. 315; Penn v. Brashear, 65 Mo. App. 24; Kingman & Co. v. Shawlay, 61 Mo. App. 54. Appellant further contends that the Jones deed is a mortgage, that its

purpose was to secure the note described in the deed. On the other hand the respondent contends that the sale evidenced by the deed was a conditional one, subject only to an agreement to reconvey upon specified terms. This view seems to us to be best supported both by the evidence and by the terms of the deed itself. Jones and Heffernan both swore that when the settlement was under discussion Jones stated that he would not give a mortgage, and the following language used in the conditional clause of the deed, to wit, "now if the said note is paid at maturity the said Heffernan is to reconvey said property to the grantor herein, otherwise he is to convey to the Frost Manufacturing Company, in full payment of said debt," shows that he did not give a mortgage. This language is inconsistent with the idea of a lien to pay the note, with the reserved right of redemption. The debt referred to, is the note described in the deed and the one here sued on; the event upon which the deed was to become absolute and the debt paid occurred before the institution of the suit, and hence appellants had no standing in court, and the judgment is affirmed. All concur.