INTERSTATE HOTEL COMPANY, Respondent, v. WOODWARD & BURGESS AMUSEMENT COMPANY et al., Appellants.

**Kansas City Court of Appeals, November 23, 1903.**

1. **CONTRACTS: Statute of Frauds: Quantum Meruit: Action.** Though a verbal contract may not be enforcible by reason of the statute of frauds, yet an action may arise on a distinct promise implied to reimburse the other party who has paid out money and done work to the benefit of the repudiating party.

2. ——: ——: ——: **Defense.** To such an action the statute of frauds and *ultra vires* constitute no defense.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

AFFIRMED.

*Wollman, Solomon & Cooper* for appellants.

(1)   The court erred in overruling the demurrer to the evidence. This contract certainly comes within the provisions of section 3418, Revised Statutes 1899, and in order to be binding, must have been in writing, and signed by the parties to be charged thereby. The telegrams heretofore referred to consisted merely of a proposition on one side, and a conditional acceptance on the other, which conditions were never complied with. The telegrams in themselves do not and can not be construed into a contract, because there were no descriptions of property, and had reference to a contemplated contract with the Mutual Benefit Life Insurance Company, which was never consummated by them (McKeag v. Piednor, 74 Mo. App. 593). No money was furnished by them; not a step was taken on the part of the in-

surance company to carry out or consummate the proposed building of a new opera house, and none of the conditions provided for by the telegram from Woodward & Burgess were ever accepted. (2) A lease for one year, with the privilege of renewal for one or more years on certain notice, is for a greater term than one year, and an agreement to take such a lease should be in writing. Donovan v. Brewing Co., 92 Mo. App. 341. (3) The court erred in giving instructions asked by plaintiff numbered one and two. (4) The court erred in refusing to give to the jury instructions numbered 5, 6, 7, 8, 9, and 10, asked by the defendants.

*Dwight P. Dilworth* and *Austin & Austin* for respondent.

(1) Appellants still contend that in our suit we seek to enforce the contract set out in plaintiff's petition. This contention was pressed in the court below, and is still pressed by appellants before this court. A most casual perusal of the petition will show how unfounded is this contention. A recognition of this distinction shows at a glance that the two defenses relied upon so strenuously by appellants, that the contract came within the statutes of frauds and was *ultra vires,* has nothing to do with the case, because we are not seeking to enforce the contract. This distinction is plainly made and set out in Parker v. Niggeman, 6 Mo. App. 546; Gray v. Gray, 2 J. J. Marshall (Ky.) 21; Hawley v. Moody, 24 Vt. 606; Kidder v. Hunt, 1 Pickering 331; Greer v. Greer, 18 Me. 16; Skeen v. Springfield E. & T. Co., 34 Mo. App. 435; Robinson v. Siple, 129 Mo. 208; Jarrett v. Morton, 44 Mo. 275. (2) As stated before, we are not attempting in this action to enforce a contract, therefore the question of *ultra vires* upon the part of the respondent in entering into the contract set out in the petition, is not involved. All of the decisions cited by appellants in their brief relate alone to the enforcement of

executory contracts.   St. Louis Drug Co. v. Robinson, 81 Mo. 18; Treacy v. Chinn, 79 Mo. App. 648; 5 Thompson on Corporations, 6004; Parkersburg v. Brown, 106 U. S. 487; Moreville v. Am. T. Co., 123 Mass. 129; Harriman v. 1st Bryan B. C., 63 Ga. 186; s. c., 36 Am. Rep. 117.

SMITH, P. J.—The petition alleges that the plaintiff and defendants are business corporations and that about March 1, 1901, they entered into a verbal contract by which it was agreed that if the former would procure and cause to be erected and equipped a theater at a certain place in Kansas City, of a certain size and style of architecture, to cost not less than the amount therein specified, the plans and specifications to be made by certain architects, and pay and settle a certain matter in dispute between the latter and the Coates Opera House Company, that is to say, the sum of five hundred dollars, and procure the release of such latter from a certain lease of the said opera house, then such latter would lease said theater for the term of ten years at a yearly rent of twelve thousand dollars.   It was further alleged that in pursuance of the contract that plaintiff paid the five hundred dollars and procured the said release, and further that it duly performed certain of the other undertakings specified in the contract, and in doing so expended one hundred dollars more, making in all six hundred dollars.   It was further alleged that the defendants, with full knowledge of the expenditures made by plaintiff under said contract, without cause or excuse, wholly repudiated and abandoned said contract and refused to return to plaintiff the said several amounts of money so expended by it, although requested so to do, etc.   The answer was a general denial with which was coupled the defense of the statute of frauds, and that of *ultra vires*.   There was a trial to a jury resulting in a judgment for plaintiff, and defendants appealed.

The decisive issue in the case was whether the plain-

tiff and defendants entered into the verbal contract pleaded in the petition, and denied by the answer. It is true that touching this issue there was quite a conflict in the evidence, but it was very fairly submitted to the jury by both the instructions of the plaintiff and the defendant and they found for plaintiff which finding is conclusive here. And the same is true as to the acts of part performance by the plaintiff.

But it is contended that even if the contract was entered into and performed by plaintiff, as in its petition alleged, that no cause of action can be based thereon. The action is not that to recover damages for a breach of the contract, but rather to recover for a breach of the implied promise of defendants to return to plaintiff the money which it had expended in carrying out the contract up to the time of the repudiation. No cause of action lies for non-performance of the contract. From the facts stated the law will imply a promise which, though relating partly to the same subject-matter, is a distinct promise from that agreement covered by the statute of frauds. The contract here pleaded is doubtless non-enforcible if either party chooses to refuse performance, but this fact does not avail to do away with what has been done under it. And so it is that where a party resisting performance has received benefit, or if money has been paid, or work done for him, his subsequent repudiation does not do away with these facts, but a recovery may be had on the basis of what has been done. Parker v. Niggeman, 6 Mo. App. 546; Gray v. Gray, 2 J. J. Marshall (Ky.) 21; Hawley v. Moody, 24 Vt. 606; Kidder v. Hunt, 1 Pick. 1. c. 331; Greer v. Greer, 18 Me. 16. And this principle has been applied in actions on various kinds of contracts. Robinson v. Siple, 129 Mo. 208; Wiggins v. Railroad, 73 Mo. 389; Jarrett v. Morton, 44 Mo. 275; Treacy & Wilson v. Chinn, 79 Mo. App. 652.

The facts stated in the petition and proved at the trial constituted a good cause of action. As this ac-

tion is not on the verbal contract but is for the breach of the contract implied from the facts stated in the petition, it follows that the defense of the statute of frauds and that of *ultra vires* has no place in the case. The pleading and reliance on these special defenses probably results from a misconception of the cause of action alleged in the petition. If the action were one to recover damages for a breach of the express contract, as it is not, these defenses might with propriety be invoked by defendants.

No error prejudicial to the defendants on the merits is discovered in the action of the trial court in admitting or rejecting evidence or in the giving or refusing of instructions. The judgment, which is, as we think, clearly for the right party, must be affirmed. All concur.