## COZAD, Appellant, v. ELAM, Respondent.

**St. Louis Court of Appeals, November 14, 1905.**

1. **QUANTUM MERUIT: Statute of Frauds.** Where services have been rendered under a contract which cannot be enforced because of the Statute of Frauds, and the party for whom the services were rendered refuses to perform his part, the party who has rendered the services may sue in *quantum meruit* for the value of such services.

2. ———: ———: **Measure of Damages.** The general rule is, where one sues in *qauntum meruit* for services rendered, and a specific contract is developed by the evidence, the measure of the damages will be the value of the services rendered, not to exceed the contract price, and in such a suit the plaintiff cannot recover without showing the contract price.

3. ———: ———: ———. But where such services are rendered under a contract which cannot be enforced on account of the Statute of Frauds, and the party receiving the services repudiates the contract, the plaintiff in such suit may recover without showing the contract price.

4. ———: ———: ———. Where the plaintiff rendered services for the defendant upon a verbal agreement whereby the defendant was to convey him a tract of land in consideration of the services, but refused to convey it, the plaintiff could recover the value of his services without proving the value of the land which was the agreed consideration.

Appeal from Barry Circuit Court.—*Hon. Henry C. Pepper,* Judge.

REVERSED AND REMANDED.

*Davis & Steele* for appellant.

Where a contract has been fully executed according to its terms, and nothing remains to be done but the payment of the price, one may sue on the contract or in *indebitatus assumpsit,* and rely on the common count. Henderson & Jones v. Mace, 64 Mo. App. 397; Mansur v. Botts, 80 Mo. 651. In Plummer v. Frost, 81

Mo. 425, it was said a party may sue on a *quantum meruit* and a disclosure at the trial of a specific contract will not defeat the action.   Under the practice established by the decisions in this State, a person who has complied on his part with the terms of an expressed contract may sue either in *assumpsit* or upon the contract.   Kennerly v. Sommerville, 64 Mo. App. 77; Stout v. St. Louis Tribune Co., 52 Mo. 342.

*E. C. Frost* for respondent.

The plaintiff's testimony shows the contract on which he did the work was to be paid for by a deed to all land on the outside of the fence, and this is also the terms of the contract as stated by Smith. Now under any form of pleading all that the plaintiff could have recovered was the value of the land on the outside of the fence, and there is not a word of testimony showing the extent or value of such land, hence there was nothing to submit to a jury. Crump v. Rebstock, 20 Mo. App. 37; Floeske v. Distilling Co., 20 Mo. App. 76; Koch v. Hebel, 32 Mo. App. 103; Henderson & Jones v. Mace, 64 Mo. App. 397.

STATEMENT.—The statement of the cause of action filed before the justice of the peace is as follows:

"Plaintiff for cause of action states that defendant is justly indebted to him on the following account:

| | |
|---|---:|
| 1903.   To 4,500 rails made for him and placed in the fence ........ ............ | $ 86.25 |
| 1903.   Work building fence and hauling rails of fence for one-half mile ......... | 30.00 |
| Total ........ ............. ........ | $116.25 |

"Plaintiff states that the work done and the materials furnished defendant as above set forth was at defendant's special instance and request, and that they were worth the amounts charged therefor, and defendant promised and agreed to pay for same, but has wholly

neglected and refused to do so. Wherefore plaintiff prays judgment against defendant for the said sum of one hundred and sixteen dollars and twenty-five cents and costs of suit."

Upon a trial *de novo* in the circuit court, the following facts were developed in evidence on behalf of plaintiff. The plaintiff and defendant owned adjoining farms in Barry county. Plaintiff desiring a road from his land across a portion of that of defendant, approached him on the subject; whereupon a verbal agreement was entered into between the parties whereby plaintiff was to build about one-fourth mile of rail fence for the defendant on the defendant's farm and in consideration therefor, defendant agreed to convey to plaintiff by deed all of a certain piece of inferior land, containing about seven acres, lying outside of such proposed fence, and on this land plaintiff could build and own the roadway which he desired. In accordance with this agreement plaintiff commenced building the fence, and before it was completed the original agreement was modified at the instance of defendant whereby plaintiff agreed to build nearly one-half mile of fence for the same consideration, instead of one-fourth mile, as originally agreed upon. Toward carrying out the original and modified agreements, plaintiff hired men to make and haul the rails and erected the fence in accordance therewith, in good workmanlike manner and defendant made no complaint thereabout, but persistently refused to carry out his part of the contract by executing the deed mentioned. After several attempts on plaintiff's part to adjust the matter, one of which was a proffer to pay defendant $2.50 per acre cash in addition for the small piece of land, this suit was brought as of *quantum meruit* for the value of the labor and services performed. The evidence showed full performance of all the conditions of the contract on the part of plaintiff and liberal conduct and propositions on his part to the end of obtaining the deed to which he was in good conscience entitled under

the arrangement. The evidence also showed in detail and by items, the value of the rails, labor and amount paid by plaintiff in and about the building of the fence, which in total amounted to $102.

At the conclusion of the plaintiff's case, the court peremptorily instructed a finding for the defendant, presumably on the theory that inasmuch as a specific contract was shown upon the trial, the measure of recovery would be, not the value of the services, etc., rendered, but, on the contrary, would be the value of the land, which was the compensation agreed upon by the parties, and the value of the land not being shown, no recovery could be had. Plaintiff appeals, and the case is here for review.

NORTONI, J. (after stating the facts).—Inasmuch as the contract between the parties was not in writing and it was for the purchase of land, appellant saw fit to treat it as incapable of specific enforcement, and instituted his suit on the *quantum meruit* for the value of the services rendered by him thereunder. The law is abundantly well settled that in cases of this nature, where the services have been rendered under a contract unenforcible because of the statute of frauds, and the adverse party either refuses or becomes unable to perform his part, the party having rendered the services can sue on *quantum meruit* for the value of such services. [Brown on Stat. of Frauds (5 Ed.), 1895, sec. 111; 29 Amer. and Eng. Ency. Law (2 Ed.), 839; 2 Reed on Stat. of Frauds, sec. 623; Parker v. Niggeman, 6 Mo. App. 546; Greer v. Greer, 18 Me. 16; Smith v. Smith, 28 N. T. L. 208; Clark v. Davison, 53 Wis. 317; Howe v. Day, 58 N. H. 516; Kidder v. Hunt, 1 Pick. (Mass.) 328; Lockwood v. Barner, 3 Hill (N. Y.) 128; Patton v. Hicks, 43 Cal. 509.]

This doctrine runs through all the books. The principle underlying it is that parol contracts of this class, although not legally, are morally binding, and

payments made under them cannot be reclaimed so long as the party receiving such payment is not in fault; but if he repudiates the contract, a right of reclamation upon the principles of equity and good conscience accrues to the other party. This doctrine is eminently just and permeates our entire jurisprudence under this head. It is unnecessary to accumulate authorities thereon. [Greer v. Greer, 18 Me. 16; Galway v. Shields, 66 Mo. 313.]

2. The principle point in respondent's brief in support of the action of the trial court is that, inasmuch as the contract was developed in the trial and from this it appeared that the amount of appellant's compensation for the services rendered was to be the land, then the value of the land and not the reasonable value of the services rendered is the true measure of his recovery; that as there was no evidence introduced tending to show the value of the land, no recovery could be had by him.

It is true that there are a number of cases in this State, commencing with Mansur v. Botts, 80 Mo. 651, and Plummer v. Frost, 81 Mo. 425, holding that in suits on a *quantum meruit*, if the specific contract is developed on the trial, it will control and limit the amount of the recovery, and that the recovery is for the value of the services rendered, not to exceed the contract price. This doctrine has become firmly fixed in our law in the class of cases to which it is applicable, as is evidenced by Crump v. Rebstock, 20 Mo. App. 37; Suits v. Taylor, 20 Mo. App. 166; Fox v. Palace Car Co., 16 Mo. App. 122; St. Joe Iron Co. v. H. K. Halverson & Co., 48 Mo. App. 383, and a large number of other cases too numerous to collate here. There is no doubt that this doctrine is not only the settled law of this jurisdiction, but that it is eminently fair and just in a case where the plaintiff has performed his part of the contract which is enforcible, and then, for some reason, sees fit to abandon the contract and pursue his remedy by *quantum meruit* rather

than by a suit on the specific contract, for it limits and holds him to the agreement under which he undertakes to perform, in so far as the admeasurement of his compensation is concerned. Indeed, we could conceive of nothing more unjust than a rule contrary to this, which would permit a person to obtain the employment under a contract at a stipulated price and then, after having performed, possibly at a loss, renounce the contract and sue as a *quantum meruit* for the reasonable value of the services and recover such value, thereby, in many instances, rendering the adverse party liable to compensate him largely in advance of the amount he had contracted to pay and possibly in excess of the amount for which he could have obtained more competent men to have performed the service. This doctrine, however, is not applicable to the case at bar. Here we have a state of facts where the contract itself is unenforcible at law because of the inhibition of the statute of frauds, and further, the party seeking a recovery is not voluntarily renouncing or abandoning the contract under which the services were performed and seeking to recover as of *quantum meruit* for the reasonable value of such services, but, on the contrary, his adversary, upon whom rests an obligation in good morals, good conscience and common honesty, which is incapable of enforcement by suit on the specific contract, accepts, holds and enjoys the fruits of appellant's services and then repudiates the contract under which they are obtained, by his failure to convey the land. In the very nature of the case, appellant could have no remedy on the contract itself, to pursue the thing for which he has contracted and performed the services. It is not of his fault, however, but by the default of respondent, that he is precluded from having that for which he has expended his means and labor, and to which, in good conscience, he is so eminently entitled. The law, in its inherent justice, will not leave the party thus aggrieved without a remedy. It is a maxim that for every wrong there is a remedy. The courts therefore, in

their wisdom, in making proper application of this principle, have sought out and seized upon the one reasonable and logical means of affording the proper measure of compensation for such wrong, and that is, by awarding to the injured party the value of that with which he has been induced to part under this unenforcible contract, and if it be money, then the measure of his recovery is the amount paid on account of the purchase and the remedy is a suit for money had and received, and in this State, a lien can be enforced on the land to the end of securing payment of the amount of money so prematurely paid. [Devore v. Devore, 138 Mo. 181, 39 S. W. 68; Brown on Stat. of Frauds (5 Ed.), 1895, sec. 118.]

The principle underlying this doctrine as enunciated in the most carefully considered cases is that, inasmuch as the contract is unenforcible and that the vendor · has received and holds the fruits of the services, or the property or money, or other consideration paid, and refuses to perform on his part, he thus holds it without consideration and therefore the law will imply a promise to repay it, and will raise up in favor of the party thus wronged, an implied undertaking to that effect, which can be enforced as of *quantum meruit* for the value of such services or property or money paid.    Therefore it necéssarily follows that if the vendor is able and willing to perform on his part, no such failure of consideration is shown and such promise is not implied by the law. This principle is sound and just.    It prevades all of the most carefully considered cases and is recognized by the standard text-writers as settled law.    [Abbott v. Draper, 4 Den. (N. Y.) 51; Smith v. Smith, 28 N. J. L. 208; Coughlin v. Knowles, 7 Met. (Mass.) 57; Collier v. Coates, 17 Barb. (N. Y.) 417; Galway v. Shields, 66 Mo. 313; Browning v. Walbrun, 45 Mo. 477; Browne on Stat. of Frauds (5 Ed.), 1895, sec. 122; 29 Amer. and Eng. Ency. Law (2 Ed.), 836 to 840; 2 Read on Stat. of Frauds, sec. 621 to 623.]    It has therefore been held in

all of the cases coming under our observation which are in point, that in such a case, the true measure of recovery is the money paid or reasonable value of the services rendered, notwithstanding the contract price. The rule is embedded firmly in both reason and authority, as will be readily observed by reference to the following authorities: Smith v. Smith, 28 N. J. L. 208-216; Clark v. Davidson, 53 Wis. 317; Hamilton v. Thurston, 93 Md. 213; Ludwig v. Bungart, 48 App. Div. N. Y. 613; Grant v. Grant, 63 Conn. 530; Miller v. Eldridge, 126 Ind. 461; In re Williams, 106 Mich. 490; Howe v. Day, 58 N. H. 516; Greer v. Greer, 18 Me. 16; Parker v. Niggeman, 6 Mo. App. 191; Andrews v. Broughton, 78 Mo. App. 191; 3 Sutherland on Damages (3 Ed.), sec. 684; 2 Reed Stat. of Frauds, 1884, sec. 23. On this question, the learned text-writers thus state the rule:

"A party, however, who has paid money in fulfillment of a verbal contract which the other refuses or becomes unable to carry out, may recover it in an action for money had and received; he may also recover property or its value, delivered in the same way, by any suitable proceeding; and where a piece of property if delivered in payment, as being worth a certain sum, it is not in the power of the defendant, without the plaintiff's consent, to return the specific things received, but he must refund in the usual mode for money had or goods sold. In like manner, one who has rendered services in execution of a verbal contract which, on account of the statute cannot be enforced against the other party, can recover the value of the services upon a *quantum meruit*." [Browne on Stat. of Frauds (5 Ed.), 1895, sec. 118. See, also, sec. 122.]

"One who has performed labor and services under a contract which cannot be enforced because within the statute of frauds, and which has been repudiated by the other party thereto, may recover for such services upon a *quantum meruit*. Thus, an agreement to devise land in consideration for services being void under the statute,

the remedy of the one who performs the services is an action to recover their fair and reasonable value." [29 Amer. and Eng. Ency. Law (2 Ed.), 839.]

"To return to the question of the extent of compensation to which one serving in consideration of receiving a conveyance of land is entitled, there is a plain preponderance of authority in favor of the rule that the person seeking compensation should declare on a *quantum meruit,* and not on the special contract. And that the measure of damages is the actual value of the services and not the land." [2 Reed on Stat. of Frauds, 1884, sec. 623.]

"But where a contract providing for a fixed compensation for services, and a particular mode of payment is void by that statute because not being in writing, if the employer violates or repudiates it after services have been performed, they may be recovered for on a *quantum meruit* as services performed on request, without regard to the rate or mode of compensation contemplated in such contract. If the services were to be paid for by the conveyance of specific land, the contract being verbal and void, the value of the land on a *quantum meruit* is not the fixed measure of damages; but such value is competent evidence to be considered on the question of damages." [3 Sutherland on Damages (3 Ed.), sec. 684.]

Thus by the concurrence of authority, we find that where one party, morally obligated to convey, repudiates the contract and refuses to perform, the other having performed and being thus left helpless in so far as the contract is concerned, is entitled as of right to be placed as near as can be in *statu quo.* The value of the land contracted for can have no place in the case other than as a circumstance tending to show the contemporaneous valuation by the parties, of the services, and in this case, inasmuch as the principal thing involved was the road and its ownership as furnishing an outlet from appellant's farm rather than the land itself, the value of the

land, while competent to be received in evidence as a circumstance above indicated, would certainly not be controlling on that issue.

3.    We are not unmindful of the statement made in the opinion in Koch v. Hebel, 32 Mo. App. l. c. 110, and Andrews v. Broughton, 78 Mo. App. l. c. 192, tending to limit the recovery in the first case for the services to the house and lot mentioned and in the second case, for the property, dower, etc., theretofore received by the party refusing to perform, to an amount not exceeding the contract price.    The doctrine announced by those cases, as applicable to the case now under consideration, is not supported by the authorities therein cited.    It is apparent that the question here in decision was not carefully considered by the Kansas City Court of Appeals in either of those cases and we are persuaded that in so far as the two cases may be taken as holding to a doctrine contrary to that herein announced, they are fundamentally at variance with the principles of both the law and the justice of the case, too well established and fortified by authority to be shaken or overturned at this late day.    We therefore most respectfully decline to follow either, or both.

The learned trial judge erred in peremptorily instructing a verdict for respondent.    The judgment is therefore reversed and the cause remanded to be proceeded with in accordance with the views herein expressed.    It is so ordered.    *Bland, P. J.,* and *Goode, J.,* concur.